By the Court.
 

 We are of opinion, that the daughter, Elizabeth, having survived her father, the donor, the property in the negro girl vested absolutely in her at his death, and that the Plaintiffs are entitled to judgment.
 
 *
 

 *
 

 The decision in this case has been thought to militate against the rule of tile Common Law which forbids the creation of future interests in a chattel after a life estate therein, except by executory devise, or
 
 by
 
 way of trust. It is to be regretted, that the Court did not assign at length, the reasons upon which tlieir decision was founded; but it will be seen, from a consideration of the principles upon which it is probable their decision was made, that it does in no wise impugn the rule of the Common Law. The case of Tims
 
 v.
 
 Potter, 1
 
 Hayw.
 
 234, 275, is the leading case in our Courts upon this subject. Glover gave a negro girl to Ms daughter, reserving to himself a life estate in the said negro. The daughter survived the father, and after his death brought an action of detinue to recover the negro and her increase. The principal question upon the trial, was, Whether the Plaintiff was entitled to the children of the negro gir’, born during the life of Glover, the donor ? The validity of the gift to the daughter was not questioned. Various other cases have occurred since that time, similar to the one of Tims and Potter, and the Courts have considered the gift as vesting an estate, in the donee ; and the Courts have probably proceeded upon one or the other of the following grounds : 1st. That where one person gives a chattel to another, reserving therein a life estate, the Law deems the gift a present one, in case the donee survive the donor, and to take effect in possession in that event; but that the interest of the donee during the life of the donor, is a
 
 mere possibility,
 
 which is not transmissible to the representatives of the donee
 
 ;
 
 and that if the donor survive the donee, the interest in the chattel remains entire with him, and goes to his representatives. And this possibility differs from a contingency; the first having no actual existence till a certain event happens; the second having an actual existence, which may or may not take effect. Upon this principle, if Parish Self had survived his daughter, the negro girl would have belonged to him in absolute property, as before the gift, and would have gone to his administrators after his death, his daughter having nothing during his life but a mere possibility: but in the event of her surviving her father, the gift took effect in possession. The interest and estate in the negro were not
 
 *468
 
 out of the father by the
 
 gift: he
 
 parted only with a possibility
 
 of
 
 interest, which was to take effect or not, as the event should happen of the daughter surviving him or not.
 

 The case of Roberts, adm’r, &c.
 
 v.
 
 Polgrean, 1
 
 Hen. Black.
 
 536, illustrates the above principle, and shews that the cases of Tims and Potter, and Duncan and wife
 
 v.
 
 Self’s administrators^ do not militate against the rule of the Common Law, which forbids the creation of future interests in a chattel after a life estate therein, except by execu-tory devise or by deed of trust. In that case, the limitation of a term was, “ to Mary Rawles,
 
 during her natural life,
 
 with remainder to her son William Rawles, and his issue lawfully beg-otten : and in default of issue of said William Rawles, then to Elizabeth Polgrean, (the Defendant,) daughter of the said Mary Rawles,
 
 during her natural
 
 life„ with remainder over.” Mary Rawles conveyed the premises • during •the remainder of the term, to her son William Rawles, his executors, administrators, &c. William Rawles then by deed of indenture conveyed the premises to “ Margary Coles and her heirs,
 
 immediately after
 
 
 *469
 

 the death of Mm the said William,
 
 to hold the same to her and her heirs
 
 forever.”
 
 William Rawles
 
 survived
 
 Margary Cole, and died
 
 intestate
 
 and
 
 -without issue,
 
 and administration on his estate was granted to Elizabeth Polgrean (the Defendant.) Margary Cole died intestate, and administration on her estate was granted to her daughter, Mary Roberts. The suit was brought by Mary Roberts, as administratrix of the estate -of Margary Cole, to recover the possession of the leasehold premises, claiming under the deed made by William Rawles to Margary Cole: and two points were decided by the Court,
 

 1. That the deed from William Rawles to Margary Cole must be construed to be a present gift to the wife, in case she survived her husband, to take effect in possession on that event; and that William Rawles, the donor, having survived Margary Cole, the donee, the whole interest in the term survived, or rather remained in him.
 

 2. That this interest vested, upon William Rawles’s death,
 
 in Ms representative.
 
 Elizabeth Polgrean was the person to whom the term was limited originally in default of -issue of William Rawles: yet the Court said slie could claim nothing under this limitation, but held the term in her character of administratrix of William Rawles’s estate.
 

 This case shews, that in all such cases as Tims
 
 v.
 
 Potter, and Duncan and wife
 
 v.
 
 Self’s administrators, the donor remains possessed of his former absolute estate in the 'chattel; that his estate therein is not abridged by the gift, from an absolute interest to an interest for life ; that the donee takes by the gift neither a vested nor contingent re-■trninder, hut a mere possibility, which may take effect or not, as the clonee happen to survive or not survive the donor.
 

 
 *470
 
 This case seems also to recognise the rule, that by deed, (not of trust) a chattel cannot be limited over after an estate for life, and that the estate for life absorbs the entire interest in the chattel. It would seem, that it was upon the operation of this rule, Elizabeth Polgrean, the Defendant, was adjudged to hold the term in her character of ad-ministratrix of William Rawles’s estate, and not in her own right under the ulterior limitation contained in the first deed. Per, by the first deed, the term was limited “ to Mary Rawles
 
 during her natural life,”
 
 and then over to William Rawles, and his issue lawfully begotten, and in default of issue of said William Rawles, to Elizabeth Polgrean during her natural life. As William Rawles died without issue, the term would have belonged to Elizabeth Polgrean under this limitation, had not Mary Rawles,
 
 the donee for life,
 
 taken the absolute interest; for the limitation over is not too remote, it being to take effect withm the compass of a life in being, it being “ to Elizabeth Polgrean during her natural life,” and is the same as the Duke of Norfolk’s case. The Court held, that Elizabeth Polgrean could claim nothing under this limitation. Mary Rawles, the donee for life, conveyed her interest in the term to her son William Rawles, and under this conveyance, he •became possessed of the entire interest, and Elizabeth Polgrean having administered on his estate, she was adjudged to hold the term as his administratrix.
 

 2d. The Courts may have proceeded upon the ground that the reservation for life was inconsistent with the gift, and therefore void. This was the view taken by this Court of such a reservation, in the case of
 
 Vans and wife and others
 
 v.
 
 Hicks,
 
 decided at May Term, 1819.