Hall, Judge.
 

 Originally, terms for years and personal chattels, could not by deed, be limited over by way of remainder after a life
 
 estate
 
 — (Oro.
 
 Elia.
 
 216 — 1
 
 Co. 153
 
 — Chedington’s
 
 case, Dyer 253
 
 — Shep.
 
 Touch.
 
 332.) And however the law may be altered as to chattels real—
 
 (Shep. Touch. 274
 
 — Bac.
 
 Jlbl. Remainder a.” 1st Jim.
 
 from the
 
 6th London Ed.
 
 — 1
 
 Burr.
 
 282 — 1
 
 Hen. 111.
 
 540) as to personal chattels it remains the same, unless such limitations over is created by will or by way of trust I am not aware of any case that can be shewn to the contrary.
 

 In the present case, no express estate for life is created by the deed to Mary Graham, with a limitation of a re - mainder over afterwards, yet the property in the negro is conveyed and granted at the death of the grantor, which is the same thing. If the grant is good, the grant- or has a life estate, and the remainder, at Ms death.
 
 *324
 
 Tests in the grantee, the present
 
 Plaintiff;
 
 so that it appears to me to resemble the common case of conveyance by deed, of personal property for- life, remainder to another after the expiration of a life estate,
 

 I think it a hard case that this species of property cannot be conveyed in a mode apparently so simple, when the reason upon which the rule was originally founded is no more, asid cannot but regret that decisions upon the subject had not been made more conformable to the nature of this kind of property, and the convenience of those who possessed it. But as it is my duty to expound and not make the law, I feel myself bound to give judgment for the Defendant.
 

 Tavxor, Chief-Justice, and Henderson, Judge, con • curred.