The negro slave belonged to Simon Foscue the elder, who died in possession of the said slave, having first made and published his last will and testament, of which he appointed the plaintiff executor. After testator's death the plaintiff proved the will and took the negro into his possession; afterwards, and before the bringing of this suit, the defendant obtained possession of the slave, claiming under a deed executed by the testator in his lifetime, and retained that possession up to the present time. The deed was in these words:
THIS INDENTURE, made this 20 April, 1809, between Simon (539) Foscue, Sr., of the county of Jones, North Carolina, of the one part, and Lewis Foscue and Sarah Foscue, son and daughter of said Simon, of the other part, witnesseth: That said Simon Foscue, for and in consideration of the natural love and affection which he has and beareth unto the said Lewis and Sarah Foscue, also for their better *Page 290 
maintenance and preferment, have given, granted, conveyed, and confirmed unto the said Lewis and Sarah Foscue the lands and negroes hereinafter mentioned in manner and form following to wit: to Lewis Foscue two negroes, named Martin and Tom, also one-half of that tract of land whereon I now live on the upper part of said tract, reserving to my wife Betsy Foscue her dower right during her life or widowhood; to Sarah Foscue, four negroes, named Nero, Charles, Peter, and Lucy, which said lands and negroes above mentioned the said Simon Foscue, Sr., doth hereby give, grant, alien, enfeoff, convey, and confirm unto the said Lewis and Sarah Foscue, to them, their heirs and assigns forever, immediately after the death of the saidSimon Foscue, Sr., the said Simon reserving to himself the use and profits arising from the said land and negroes aforesaid for and during his natural life, and after my death unto the said Lewis and Sarah Foscue, to them, their heirs and assigns forever.
In witness whereof, etc. SIMON FOSCUE, SR. [L. S.]
By the will this negro was bequeathed to one Stephen Foscue, who, before the action brought, released to the plaintiff all his interest under the bequest. Upon these facts the court below was of opinion that, as by theterms of the deed nothing was to vest in the defendant until the death of the donor, and as by the policy of the law there could not be a life estate in a personal chattel in one and a remainder limited thereon to another, therefore the deed operated nothing, but left the property in the donor as it was before.
The defendant's counsel then moved to arrest the judgment for a variance between the writ or leading process and the declaration, the writ being to take the body of the defendant to answer "Simon Foscue,executor of Simon Foscue, deceased," and the declaration upon the plaintiff's own possession, in the usual form. The motion was (540) overruled and judgment rendered for the plaintiff, whereupon defendant appealed to this Court.
(544) This case, I think, falls within the principle on which Graham v. Graham, 9 N.C. 322, was decided.
From the words of the deed, the title of the property in question was not to vest in the donee until after the death of the donor; a life estate is reserved to the father; after his death a limitation of it is made to the son. It is cause of regret that a disposition of property so just and simple in itself cannot be sustained. *Page 291 
The Legislature by an act passed in 1823, have made provision for such cases. But, unfortunately, this deed is not included in it, having been executed anterior thereto. The opinion of the Court is that judgment must be entered for the plaintiff.
PER CURIAM. Affirmed.
Cited: Sutton v. Hollowell, 13 N.C. 186; Morrow v. Williams, 14 N.C. 264;West v. Ratledge, 15 N.C. 39; Hunt v. Davis, 20 N.C. 37; Newell v.Taylor, 56 N.C. 376.
(545)