Hall, Judge.
 

 The cases on this subject are not altogether reconcileable. Parol gifts by delivery, reserving life estates, are contradictory and inconsistent in the nature of tilings. Property cannot be delivered, and retained at the same time. If there is a delivery, there can be no reservation of a life estate. Of this kind were the cases of
 
 Duncan
 
 &
 
 wife
 
 v.
 
 Self,
 
 (1
 
 Murph.
 
 466) and
 
 Vass
 
 &
 
 wife
 
 v.
 
 Hicks.
 
 (3
 
 Mur.
 
 493.)
 

 At common law, there could not be a limitation of personal chattels, after a life estate created by deed. It was also field, that in a gift or limitation of slaves, after a life estate reserved by the donor, the limitation was not good ; because the life estate might be lawfully reserved, and the limitation over on that account was too remote, and this was in conformity (as was supposed) with the principle before laid down, that there could not be a limitation of personal chattels, after a life estate.
 
 (Black
 
 v.
 
 Beattie,
 
 2
 
 Murp. 240
 
 —Graham
 
 v.
 
 Graham, 2
 
 Hawks 322
 
 —Foscue v.
 
 Foscue,
 
 3
 
 Hawks
 
 538.)
 

 Whether it would not have been more correct to say, the reserved life estate was void, as being inconsistent with the grant, and that the gift or limitation passed the property
 
 in prcesenti,
 
 it is too late, and of course unnecessary to decide; becáuse too much property depends upon thpse decisions, and because the Legislature have authorized limitations of slaves after life estates.
 

 We must therefore conclude, that the limitation over, after an estate reserved to the donor
 
 Thomas Baker
 
 and
 
 *187
 
 his wife for their lives* is
 
 void ;
 
 ami therefore that no-thins vested in
 
 Elizabeth,
 
 the daughter. The judgment must be reversed, and judgment entered for the Defendant.
 

 Per Curiam. — Let the judgment of the Court below he reversed, and enter a judgment fo’r the Defendant*