Hair, Judge.
 

 Several valid objections occur to the claim of the plaintiffs.
 

 The *s’ ^iac ^16 gift is not established by a deed, or in its absence by evidence of a delivery ; the writing hiti'oduced and relied upon, not being under seal, is nothing more than the declaration of
 
 Jemima Bradshaw,
 
 ^at sjie g.m, t}ie neg1>0 to her daughter and soii-in-law: but there having been no delivery, no title vested in them, and there being no valuable consideration, no right of property passed from her.
 

 Another objection is, that supposing this writing conveyed the title of the negro, only a remainder is given by the donor, after the expiration of her own life. She gives the negro in appropriate words
 
 enough,
 
 but adds these words, “
 
 to enjoy full power.-and possession of after my death”
 
 Now it has been held in repeated decisions, that such a remainder in personal chattels cannot be created jjy
 
 (Gilbert
 
 v.
 
 Murdock,
 
 2
 
 Hay.
 
 182.
 
 Nichols
 
 v.
 
 Cartwright,
 
 2
 
 Mur. 137. Graham v. Graham,
 
 2
 
 Hawks Sutton
 
 v. Hollowell,
 
 ante
 
 2
 
 vol.
 
 185.
 
 Foscue
 
 v.
 
 Foscue,
 
 3
 
 Hawks
 
 538.) The doctrine may therefore be
 
 "***
 
 • set*“-
 

 But laying these objections out of the case, another might be taken. If the title to the negro passed by the writing, it vested in
 
 Jemima
 
 and
 
 Arthur Morrow,
 
 and hot in theii> children. A use only was declared to them, and
 
 *265
 
 they ought not to be plaintiffs. The record shows, that a motion was made to amend the writ by striking out, probably to remedy that mistake. But it does not appear what became of it.
 

 These objections arise upon the record, and appear to me to be fatal. I therefore think judgment should be given for the defendant.
 

 Per Curiam. — Judgment appirmer.