Blandinah Morse, the intestate of the plaintiff, being the owner of the slave in controversy, on 27 October, 1809, executed a deed to her daughter Susan, whereby, in consideration of natural affection, she gave, granted and confirmed the said negro slave to her said daughter Susan, after her
(the said Blandinah's) death, thereby reserving the use and benefit of the said negro during her, the donor's, life. On 6 May, 1822, Blandinah Morse executed a deed to Jacob Rumley, whereby, in consideration of the sum of eight dollars per annum, she bargained, sold, and delivered unto the said Jacob the said negro slave during her natural life. Blandinah Morse died in February, 1827, and shortly before her death Susan Morse made an exchange of a negro girl with Rumley for the negro boy Enoch, and in September, 1831, conveyed Enoch to the defendant. The plaintiff administered upon the estate of Blandinah Morse in 1836, and soon afterwards instituted this action.
The defendant claiming thus under both the deeds aforesaid of the plaintiff's intestate, two question of law arose, the first whether the gift to Susan Morse was not invalid, because made to take effect after a life estate in the donor; and the second whether the deed to Rumley transferred the whole legal estate of the bargainor. His (37) Honor was of opinion for the plaintiff upon the first question, and for the defendant upon the second, and thereupon the plaintiff was nonsuited and appealed.
According to the settled law of the land, before the act of 1823, sec. 1 (Rev. *Page 30 
Stat., ch. 37, sec. 22) making certain limitations of slaves by deed valid, a conveyance of a slave by deed, after a life estate, or with a reservation of a life estate therein, was void. Graham v. Graham, 2 Hawks, 322; Foscue v. Foscue, 3 Hawks, 538; Sutton v. Hollowell, 2 Dev. Rep., 186. These decisions were founded avowedly on the principle that there could not be any remainder in a slave, after a life estate granted by deed. The opinion of the judge upon the operation of the first deed is in conformity with these decisions, and the principle which sustains them necessarily leads also to the opinion given by him upon the operation of the second deed. If a remainder after a life interest in a chattel be null, because the life interest is the whole estate, then a conveyance of that chattel for life must pass the whole estate. It is insisted, however, that this principle is not to be applied to the deed made to Rumley. It is said that because the consideration of that conveyance is declared to be the rendering of an annual sum, it is to be inferred that the contract was in the nature of a lease. I do not see how this inference would help the plaintiff, unless we can also infer that the lease was to be short of a lease for life
— as the lease of a chattel for life, as well as the conveyance of the same for life, if made by deed, is subject to the direct operation of the principle that it leaves no remainder in the lessor or bargainor. It is very clear that we cannot infer that this was a lease for any certain number of years, and still less that it was a lease from year to year, determinable by the death of the lessor. If a lease, it is certainly one during the life of the lessor. But I am at a loss to conceive why it is called a lease. (38) It purports in direct terms to be "a bargain and sale and delivery" of the negro himself, and an annuity furnishes as fit a consideration for a sale as a sum in gross. It purports to be a sale of the negro during her life, because it was no doubt supposed by her that she had a life estate only to dispose of, the residuary interest being in her daughter. If the legal operation of this deed be to transfer her entire estate, contrary to her actual intent, there is less cause to regret it, as thereby is corrected the inconvenience of disappointing the intent of the intestate in the conveyance of this ulterior interest to her daughter, as was no doubt contemplated by the former deed. The Court sees no error in the judgment rendered below, and directs it to be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Lance v. Lance, 50 N.C. 414; Dail v. Jones, 85 N.C. 225. *Page 31