Battue, J.
 

 The case turns upon the effect which the act of 1823, 1 Rev. Stat. ch. 37, sec. 22, has upon the deed by which Theophilus Swinson, under whom the plaintiff claims, conveyed the slave Satira, to the defendant Dempsey Taylor and his wife, for’life. This deed bears date 14th of January, 1835, and it is admitted that unless the act above referred to gives it a different effect, it conveys an absolute interest in the said slaves, to Taylor and wife, notwithstanding the attempted restriction of the estate in her to them for life, and no longer. The words of the act are that “ every limitation, by deed or writing, of a slave or slaves, which limitation, if contained in a last will and testament, would be good and effectual as an executory devise or bequest, shall be, and is, hereby declared to be a good and effectual limitation in remainder of such slave or slaves, and any limitation made or reserved to the
 
 *376
 
 grantor, vendor, or donor, in any such deed, or writing, of a slave or slaves, shall be good and effectual in law.
 
 Provided
 
 such limitation, had it been made to another person, would be good and effectual according to the preceding clause.” It is manifest that the present case does not come within the letter of the act, and it would be too strained a construction to hold it to be within the spirit and intent of it. The particular mischief which the legislators had in view, and which they intended to remedy was, that a limitation, by deed, of a remainder in slaves, or any other chattel property, after a life estate granted, was void; the rule of the common law being that the grantee for life took the whole interest in such slaves, or other personal property. Asimilar limitation of a remainder contained in a will, was held to be good as an executory devise, and the like doctrine was applied to limitations by the way of trust. But, in a deed at common law, so strong was the rule that there could not be a limitation of a remainder in personal chattels after a life estate granted therein, that it was held, that if slaves, or other chattels, were given or granted absolutely, but with a reservation of a life estate to the donor or grantor, the limitation was void, because the reserved life estate absorbed the whole interest. This doctrine was clearly settled in this State by the cases of
 
 Black
 
 v. Beatty, 2 Murph. Rep. 240,
 
 Graham
 
 v. Graham, 2 Hawk’s Rep. 322,
 
 Foscue
 
 v.
 
 Foscue,
 
 3 Hawk’s Rep. 538, and
 
 Sutton
 
 v.
 
 Hallowell,
 
 2 Dev. Rep. 185, and it was found so often to disappoint the intention of parents in making gifts of slaves to their children, reserving an estate for life to themselves, or gifts to their daughters for life, with limitations over to the children of such daughters, that the Legislature passed the act of 1823, above referred to, to prevent such mischief for the future.
 

 The terms of the act clearly embrace all such cases, but in no fair sense can they be applied to a case like the present, where there is no limitation over after a remainder for life, or reservation of a life estate in the grantor after a conveyance of the absolute interest in the slave. The case before us, then.
 
 *377
 
 must be governed by the rules of the common law, which make this grant of the life estate in the slave the grant of the absolute interest in her.
 

 It may not be improper to remark that tire Hevised Code, chapter 37, section 21, varies from the Nevised Statutes, and that, according to the terms therein used, the grant of a life estate only in slaves, in a deed executed since the Code went into operation, would not convey the absolute estate in such slaves, but would carry only a life estate to the grantee, leaving a reversionary interest in the grantor.
 

 The result of our opinion
 
 being that
 
 the plaintiffs have no interest in the slaves'in controversy, the interlocutory order to continue the sequestration of the slaves must be reversed, and this must be certified to the Court below.
 

 Per Curiam, Decree accordingly.