## OWEN W. DAIL v. JULIA A. JONES.

*Deed—Construction—Remainder in Chattels—Evidence.*

Where the operative words of a conveyance were that the grantor "doth give, grant, bargain, sell and convey unto the party of the second part all his household and kitchen furniture, *to be theirs at his death,* to have and to hold," &c.; *it was held*

(1) That such conveyance was an attempt to limit an estate in remainder

in chattels, expectant upon the determination of a precedent life estate reserved to the grantor;

(2 That the reservation of the life interest could not be disregarded as inoperative by reason of its repugnancy to the estate conveyed to the grantor;

(3) That the particular estate for life absorbed the entire interest, and the limitation over was void;

(4) That parol evidence that the grantor put the grantees in possession of the property immediately after executing the deed is inadmissible to affect the construction of such deed.

( *Wilson* v. *Sandifer*, 76 N. C., 347; *Graham* v. *Graham*, 2 Hawks, 322; *Morrow* v. *Williams*, 3 Dev., 263; *Sutton* v. *Hollowell*, 2 Dev. 185; *Hunt* v. *Davis*, 8 Dev. & Bat. 42; *Foscue* v. *Foscue*, 2 Ired. Eq., 321 ; *Lance* v. *Lance*, 5 Jones 413, cited and approved.)

CLAIM AND DELIVERY tried at Spring Term, 1881, of GREENE Superior Court, before *Graves, J.*

This is an action of claim and delivery, brought to re-cover certain articles of personal property from the posses-sion of the defendant, who claims to hold the same as admin-istratrix of Owen W. Jones, deceased.

The plaintiff claims it under a deed to himself and wife from the defendant's intestate, the conveying clause of which is as follows: "And the party of the first part doth also, in consideration as before stated (natural love and affection) and the further consideration of the sum of one dollar, to him in hand paid by the parties of the second part, the receipt whereof is hereby acknowledged, give, grant, bargain, sell and convey unto the party of the second part, all the house-hold and kitchen furniture, *to be theirs at his death*, to have and to hold," &c.

On the trial in the superior court the plaintiffs offered to show by the subscribing witness to the deed, that at the time of its execution the grantor put the property conveyed into the possession of the plaintiff, but upon the objection of the defendants, the evidence was excluded, and the plaintiff excepted.

His honor being of opinion that the grantor had reserved to himself a life estate in the property mentioned in the deed, and that the plaintiff could take nothing therein by way of remainder after such life estate, directed a verdict to be entered for the defendant, to which the plaintiff excepted.

There was a verdict and judgment in favor of defendant and the plaintiff appealed.

*Messrs. W. C. Munroe,* and *Battle & Mordecai,* for plaintiff. No counsel for defendant.

AsHE, J.   The first exception taken to the ruling of His Honor was to his refusal to admit evidence on the part of the plaintiff to prove an actual delivery of the property con · veyed in the deed by the grantor to the plaintiff, the grantee, at the time of executing the deed.   This evidence was offered to show that the grantor intended by the deed to convey a present interest to the plaintiff and his wife, and for that purpose was clearly incompetent because it would contradict the deed, and the deed must speak for itself; it cannot be added to, varied or contradicted by parol evidence. *Wilson* v. *Sandifer,* 76 N. C., 347.   The deed in this case conveyed the property to the grantees to be theirs on the death of the grantor, but the parol evidence offered was to show that the property was to be theirs immediately upon the execution of the deed.

The next exception by defendant was to the ruling of His Honor "that by the deed the grantor reserved to himself a life estate in the property, and that the grantees could take nothing in remainder."

The grounds taken in support of this exception were, first, because the premises of the deed completely disposes of the property before the phrase which it is insisted reserves a life estate to the donor.   The words of the deed being, "and the party of the first part doth also, in consideration of one

dollar to him in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, give, grant, bargain, sell and convey, unto the party of the second part all his household and kitchen furniture to be theirs at his death to have and to hold," &c., the counsel insists that the names of the grantor and grantees, words of grant and description of the thing granted, are all before the so-called reservation, and perform the office of premises; and the words, "to be theirs at his death," perform the office of an *habendum*, as it is used to qualify the premises, and being totally repugnant thereto is void. We do not see the force of the argument. The whole conveyance is here set out in the premises of the deed which includes the words, "to be theirs at his death," and then follows the *habendum* to have and to hold which in no way qualifies the estate conveyed in the premises.

And secondly, because though the phrase "to be theirs at his death," be a part of the premises, inasmuch as it is repugnant to the prior clause of the deed conveying this property to the grantees, it is void. The effect of such a rule would be to exclude reservations from all deeds having no *habendum*, and as CHANCELLOR KENT says, (in 4 Kent Com. 468), in modern conveyancing the *habendum* clause in deeds has degenerated into mere form, and a deed may be good without any *habendum*.

It is now too late to contend that a remainder in personal chattels may be limited in remainder after a life estate. It is too well settled by numerous adjudications in this state to admit of serious argument to the contrary, and upon this well established principle it has been repeatedly held that a reservation of a life estate in chattels, in a deed attempting to convey them in remainder, reserves the whole estate and the limitation over is void. So if in this deed there is a reservation of a life estate to the grantor, the plaintiff takes nothing by the deed. The law prescribes no formula for

such a reservation; any expression in a deed that indicates the intention of the donor to reserve a life estate is sufficient, as in the case of *Graham* v. *Graham*, 2 Hawks, 322, the words were, "have given and granted *at my death* and by these presents, *at that time*, do give and grant to the said M. G. my negro girl, (this was before the act of 1825); it was held that it resembled the common case of a conveyance by deed of personal property for life, remainder to another after the determination of the life estate, and nothing passed to the remainder-man.

In *Morrow* v. *Williams*, 3 Dev. 263, after giving the property to the donee the words used were "*to enjoy full power and possession after my death;*" Judge HALL observes: "Now it has been held in repeated decisions, that such a remainder in personal chattels cannot be created by deed," and after citing *Graham* v. *Graham* and several other decisions of this court, added: "The doctrine may therefore be considered settled." See also *Sutton* v. *Hollowell*, 3 Dev. 185; *Hunt* v. *Davis*, 3 Dev. & Bat. 42; *Foscue* v. *Foscue*, 2 Ired. Eq, 321; *Lance* v. *Lance*, 5 Jones, 413. The law was altered in this respect as to slaves by the act of 1823 and this act of the legislature is a very strong recognition of the principle and was as much as to have declared that as to other kinds of personal chattels than slaves, no conveyance by deed of a remainder after a life estate shall be good.

There is no error. The judgment of the superior court is affirmed.

No error.                           Affirmed.