LAWTON OUTLAW, ADMINISTRATOR, v. E. J. TAYLOR ET AL.

(Filed 31 March, 1915.)

**Deeds and Conveyances—Chattels—Limitations in Remainder.**
    A reservation by the grantor of chattels, in a deed attempting to convey them in remainder, reserves the whole estate, and the limitation in remainder is void.

APPEAL by defendant from *Daniels, J.,* at September Term, 1914, of DUPLIN.

Civil action to recover possession of certain personal property, described in a deed from Calvin H. Herring, the plaintiff's intestate, to the defendants, dated 27 November, 1912.

His Honor directed a verdict, and rendered judgment for the plaintiff. The defendants appealed.

*George R. Ward, Thad Jones, Gavin & Wallace for plaintiff.*
*H. D. Williams, Stephens & Beasley for defendant.*

BROWN, J. It is admitted that the property in dispute belonged to Calvin H. Herring. The defendants claim it under a conveyance from him, the material parts of which are as follows: "That the said parties of the first part, for and *in consideration of valuable services rendered to the said parties of the first part by the parties of the second part during the sickness of the said parties of the first part,* we give, grant, and convey to the said parties of the second part all the personal property of every description that we may own at our death, consisting of horses, mules, cows, hogs, wagons, carts, buggies, farming implements, household and kitchen furniture, and all other personal property not mentioned in this instrument of writing. We hereby reserve to ourselves our lifetime right to the said property hereinbefore mentioned."

His Honor correctly held the conveyance void. It is well settled in this State, by numerous and uniform adjudications, that a reservation of a life estate by the grantor of chattels, in a deed attempting to convey them in remainder, reserves the whole estate, and the limitation in remainder is void. *Dail v. Jones,* 85 N. C., 224.

"The law prescribed no formula for such reservation," says *Justice Ashe* in that case, "any expression in a deed that indicates the intention of the donor to reserve a life estate is sufficient." *Graham v. Graham,* 9 N. C., 322; *Morrow v. Williams,* 14 N. C., 263.

No error.