K. C. SPEIGHT ET AL. v. CARRIE B. SPEIGHT, INDIVIDUALLY, AND CARRIE B. SPEIGHT, ADMINISTRATRIX OF THE ESTATE OF W. W. SPEIGHT, DECEASED.

(Filed 10 April, 1935.)

1. **Deeds and Conveyances A i—Limitation over after reservation of life estate is void as to personal property.**

    A deed to certain described lands and of all the personalty of the grantor, reserving in the grantor "the complete use and control" of said property during his natural life, is void as to the personalty, since the deed reserves a life estate in the personalty and there can be no limitation over after a life estate in personal property.

2. **Common Law A a—**

    The common-law rule that there can be no limitation over in personal property after reservation of a life estate therein is in force in this State, C. S., 970, and has been recognized by judicial decision and by statutory implication.

APPEAL by plaintiffs from *Cranmer, J.,* at November Term, 1934, of PAMLICO.

Civil action to establish plaintiffs' alleged interests in the estate of W. W. Speight, deceased.

On 8 January, 1934, W. W. Speight, of Pamlico County, died intestate, leaving him surviving his widow, Carrie B. Speight, defendant herein, and two sons by a former marriage, K. C. and M. L. Speight, plaintiffs herein. About sixty days prior to his death, the deceased executed to his wife a deed in due form for a tract of land, and included

SPEIGHT v. SPEIGHT.

therein, "also all the personal property that I own of every kind and description, including household and kitchen property, choses in action, notes and mortgages, etc. Always reserving to said party of the first part the complete use and control of said property during his natural life."

The court held, as a matter of law, that this deed conveyed all of the grantor's property, both real and personal, to the grantee named therein. The sufficiency of the deed to convey the land is no longer mooted.

Plaintiffs appeal, assigning as error the refusal of the court to hold that the deed in question is void on its face as to the personal property therein described.

*Ward & Ward for plaintiffs.*
*L. I. Moore and T. O. Moore for defendant.*

STACY, C. J. It has been the consistent holding in this jurisdiction, following the decision in *Graham v. Graham,* 9 N. C., 322 (1822), that a reservation of a life estate in personal chattels, in a deed attempting to convey them in remainder, reserves the whole estate, and the limitation over is void. *Morrow v. Williams,* 14 N. C., 263; *Hunt v. Davis,* 20 N. C., 36; *Newell v. Taylor,* 56 N. C., 374; *Dail v. Jones,* 85 N. C., 222; *Outlaw v. Taylor,* 168 N. C., 511, 84 S. E., 611.

It is quite clear, we think, that the deed in question falls within the principle established by these decisions. A reservation for life of "the complete use and control" of personal chattels, is a reservation for life of said chattels. 25 C. J., 1039; 17 R. C. L., 617; 11 R. C. L., 473.

Speaking to the question in a case where the "use" of a slave was attempted to be reserved for the life of the bargainor in a bill of sale, *Sutton v. Hollowell,* 13 N. C., 185, *Hall, J.,* delivering the opinion of the Court, said:

"The cases on this subject are not altogether reconcilable. Parol gifts by delivery, reserving life estates, are contradictory and inconsistent, in the nature of things. Property cannot be delivered, and retained at the same time. If there is a delivery there can be no reservation of a life estate. Of this kind were *Duncan v. Self,* 5 N. C., 466, and *Vass v. Hicks,* 7 N. C., 493.

"At common law there could not be a limitation of personal chattels after a life estate created by deed. It was also held that in a gift or limitation of slaves, after a life estate reserved by the donor, the limitation was not good, because the life estate might be lawfully reserved, and the limitation over on that account was too remote, and this was in conformity (as was supposed) with the principle before laid down, that there could not be a limitation of personal chattels after a life

estate. *Black v. Beattie,* 6 N. C., 240; *Graham v. Graham,* 9 N. C., 322; *Foscue v. Foscue,* 10 N. C., 538.

"Whether it would not have been more correct to say the reserved life estate was void, as being inconsistent with the grant, and that the gift or limitation passed the property *in præsenti,* it is too late, and, of course, unnecessary to decide, because too much property depends upon those decisions," etc.

On authority of these decisions, therefore, it would seem that the limitation in the deed of the personal chattels, following the reservation of the complete use and control of said property during the life of the grantor, was ineffectual to vest title to the personal property in the grantee. The contrary ruling was erroneous.

It is suggested by the defendant that the common-law rule, relative to the matter now in hand, has not been followed in a majority of. the American jurisdictions, and that North Carolina, to this extent, is out of line with the weight of judicial opinion in this country. It should be remembered, however, that so much of the common law "as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State, . . . and which has not been . . . abrogated or repealed, or become obsolete," is declared by C. S., 970, to be in full force and effect in this jurisdiction. This statute was first enacted in 1715, reënacted in 1778, and successively with each complete reënactment of our statute law. *Price v. Slagle,* 189 N. C., 757, 128 S. E., 161. It appears, therefore, with full knowledge of the decisions on the subject, the General Assembly has not seen fit to alter the rule, except as to slaves (Act of 1823), which was said in *Dail v. Jones, supra,* to be a strong recognition by the law-making body of the correctness of the principle. Hence, the rule may be said to rest upon common-law authority with statutory support and judicial approval in this State. *Sutton v. Hollowell, supra.*

Error.