D. C. NIXON, GUY SIFFORD AND BERNADETT WILLIAMS, ADMINISTRATORS OF R. J. NIXON, DECEASED, v. D. C. NIXON, S. J. NIXON, ROSA NIXON, EVA NIXON, BERNADETT WILLIAMS, JOSEY NIXON, AGNES NIXON, WILLIE S. DUCKWORTH, GUY SIFFORD, MRS. ZETTIE ROGERS, BANNER SIFFORD, MADGE SIFFORD, NEAL SIFFORD, RENA KILLIAN, HALL SIFFORD, MAEBELLE ARMSTRONG, RAY C. SIFFORD AND MRS. DELLA WILLIAMSON.

(Filed 29 March, 1939.)

1. **Deeds § 1b—**

A limitation over of the remainder in personal property after a reservation of a life estate therein is void, and the language of the deed in this case *is held* to reserve the "complete use and control" of the personalty in the grantor, which constitutes a reservation of a life estate therein.

2. **Executors and Administrators § 21—**

Where a person executes a deed attempting to convey a remainder. in personalty after a reservation of a life estate therein, and subsequntly dies intestate, the limitation over is void, and he dies owning the personalty, which must be distributed to his heirs at law according to the statutes of distribution.

3. **Descent and Distribution § 3—**

Where intestate dies owning personalty and leaving as his sole heirs at law children of two deceased brothers and one deceased sister, the personalty must be equally divided among all his nephews and nieces *per capita* and not *per stirpes*, since each of the heirs at law are of equal degree of kinship. C. S., 137 (5).

APPEAL by plaintiffs and the children of J. A. and Sidney Nixon, defendants, from *Ervin, Jr., Special Judge,* at January Term, 1939, of LINCOLN.

Civil action brought by the administrators of the estate of R. J. Nixon, deceased, for the construction of deed executed by R. J. Nixon,

and for order as to proper distribution of personal assets of the estate in hands of plaintiffs, as administrators of R. J. Nixon, deceased.

The parties having waived jury trial, the court finds the facts substantially as follows:

1. R. J. Nixon, late of the county of Lincoln, North Carolina, died intestate on 23 April, 1938, leaving as his only next of kin eighteen nieces and nephews, namely: (1) D. C. Nixon, S. J. Nixon, Rosa Nixon and Eva Nixon, children of a predeceased brother, J. A. Nixon; (2) Mrs. Bernadett Williams, Josey Nixon and Agnes Nixon, children of another predeceased brother, Sidney J. Nixon; and (3) Mrs. Willie Duckworth, Guy Sifford, Mrs. Zettie Rogers, Banner Sifford, Madge Sifford, Neal Sifford, Rena Killian, Hall Sifford, Maebelle Armstrong, Ray C. Sifford and Mrs. Della Williamson, children of a predeceased sister, Mrs. Sallie Sifford, all of whom were in being on 22 March, 1935. The plaintiffs are the duly appointed and qualified administrators of said R. J. Nixon, deceased.

2. On 22 March, 1935, R. J. Nixon signed, sealed and acknowledged, and had probated and registered a typewritten paper writing, without witnesses, in the form of a deed, "to the children of my deceased brothers, Sidney Nixon and J. A. Nixon, and my deceased sister, Mrs. Sallie Sifford," containing these pertinent provisions:

"said R. J. Nixon, party of the first part, has bargained and sold, and by these presents does bargain, sell, give, grant, and convey to the children of my deceased brother Sidney Nixon as a class, the children of my deceased brother J. A. Nixon as a class, and the children of my deceased sister Mrs. Sallie Sifford as a class, the remainder, after the expiration of my life estate, which I hereby reserve, in and to all of the land or real estate which I now own or which I may, during my natural life acquire, wheresoever situate, . . . also all of my personal property, money, accounts, choses in action of every description not expended, used, or disposed of by me during my natural life.

"To Have and To Hold said lands and premises, and possess said personal property, money, choses in action, etc., after the expiration of my natural life, except such of the personal property, money, choses in action, etc., as may be used, expended or disposed of by me during my natural life, to them, as three separate classes, such class receiving and representing one-third interest therein to them, and their heirs and assigns, to their only use and behoof forever, in remainder, after the expiration of my life estate.

"Party of the first part expressly reserves unto himself a life estate in said lands and premises, and right to manage and possess, and receive the rents and return therefrom during his natural life, and the right to the use and enjoyment of such of the personal property, money, choses

Nixon v. Nixon.

in action, etc., as he may need with full right to expend, use and dispose of such as he may need during his natural life."

4. The plaintiffs as administrators of R. J. Nixon have in their hands personal property, consisting of chattels and approximately $20,000 in money, which belonged to and was left by said Nixon, and after the payment of debts, taxes and expenses, there will be a substantial surplus for distribution to the persons entitled thereto.

Upon such findings the court concluded, in substance, that:

(1) The paper writing executed by R. J. Nixon on 22 March, 1935, is a deed of conveyance and not a testamentary disposition of his property.

(2) ". . . The paper writing in controversy attempts to reserve to the said R. J. Nixon a life estate in his personalty while attempting to convey to his eighteen nephews and nieces a remainder in said personalty. . . . Under the law of North Carolina a reservation of a life estate in personalty in a deed attempting to convey such personalty in remainder reserves the whole estate and the limitation over is void, and, hence, the paper writing executed by R. J. Nixon was and is wholly ineffectual to vest title to the personalty of said R. J. Nixon in the grantees named in said paper writing, and, hence, the said R. J. Nixon was the absolute owner of said personalty at the time of his death, and said personalty is to be distributed among his nephews and nieces as his next of kin in accordance with the statutes of distribution, and said nephews and nieces are entitled to share equally in the surplus of his personal estate, that is, each nephew or niece is entitled to one-eighteenth (1/18) of the surplus of said personalty."

Thereupon the court entered judgment in accordance with such conclusions.

The plaintiffs, and the children of Sidney Nixon and J. A. Nixon, deceased, appeal therefrom to the Supreme Court, and assign error.

*A. L. Quickel for plaintiffs, appellants.*
*Sheldon M. Roper for defendants, appellees.*

WINBORNE, J. While the deed in question purports to convey both real and personal property, counsel for appellants in brief filed states that the conveyance of the real property is not in question on this appeal.

The ruling of the court below with respect to the provisions of the deed relating to personal property is made expressly upon authority of these decisions: *Graham v. Graham,* 9 N. C., 322; *Morrow v. Williams,* 14 N. C., 263; *Dail v. Jones,* 85 N. C., 221; *Outlaw v. Taylor,* 168 N. C., 511, 84 S. E., 811; *Speight v. Speight,* 208 N. C., 132, 179 S. E., 461. We think this case comes within the principle there enunciated.

In *Speight v. Speight, supra,* the Court said: "It has been the consistent holding in this jurisdiction following the decision in *Graham v. Graham, supra* (1822), that a reservation of life estate in personal chattels, in a deed attempting to convey them in remainder, reserves the whole estate, and the limitation over is void," and, continuing, "A reservation for life of 'the complete use and control' of personal chattels is a reservation for life of said chattels. 25 C. J., 1039; 17 R. C. L., 617; 11 R. C. L., 473."

In the present case these clauses "all of my personal property . . . not expended, used or disposed of by me during my natural life"; "to have . . . and possess said personal property . . . after the expiration of my natural life, except such of the personal property . . . as may be used, expended or disposed of by me during my natural life, to them, . . . in remainder, after the expiration of my life estate"; and "party of the first part expressly reserves unto himself . . . the right to the use and enjoyment of such of the personal property . . . as he may need with full right to expend, use and dispose of such as he may need during his life time," clearly reserved to R. J. Nixon the right to "the complete use and control" of all the personal property during his life time, with remainder over at his death.

The language used is ineffectual to vest title to the personal property in the nieces and nephews. Hence, they, as the only next of kin of the intestate, all in equal degree, take per capita under the statutes of distribution. C. S., 137, clause 5; *Ellis v. Harrison,* 140 N. C., 444; 53 S. E., 299; *In re Estate of Mizzelle,* 213 N. C., 367, 196 S. E., 364.

We have carefully considered the able argument and brief of counsel for appellants and the authorities cited. However, we are not persuaded to depart from the applicable rule which "may be said to rest upon common law authority with statutory support and judicial approval in this State." *Stacy, C. J.,* in *Speight v. Speight, supra.*

Let the judgment below be
Affirmed.