Nash, C. J.
 

 Joseph Halsey died in the year-, intestate,
 
 *43
 
 and administration on bis estate was granted to H. Gf. Spruill, one of tbe defendants. The intestate left three grand children, Joseph Halsey Slrinner and Sarah Skinner, whose mother, a daughter of the intestate, died before him, and Joseph Halsey Wynne, whose mother also died before the intestate. The two first grand children are plaintiffs, and the third is a defendant. The bill is filed to settle the estate of Joseph Halsey, and prays an account and partition of certain slaves.
 

 Two years had not elapsed from the qualification of the defendant, Spruill, as administrator of Joseph Halsey, to the filing of the bill. It was conceded that the estate was settled, so far as the debts were concerned. Two years are allowed executors and administrators to settle the estate of the deceased, upon the supposition that many estates cannot be settled in less time, but this is intended as an indulgence to them.—
 
 Turnage
 
 v. Turnage, 7 Ir. Eq. 127, and when there are no debts to pay, it is the duty of the representative to pay the legacies or distribute the estate without waiting for the expiration of the two years. The principal question is as to the right of the grand children of the intestate, in the division of the property to which they succeed. Do they take
 
 per capita
 
 or
 
 per stirpes?
 
 The exactcaseisputbyJusticeBlackstoneinthe2nd vol. of his commentaries, page 517. “ If the next of kin of the intestate be three brothers, A, B, and C, his effects are divided into three equal portions, and distributed
 
 per capita, on®
 
 to each, but if one of these brothers A, had been dead, leaving three children and another, B, leaving two, then the distribution must have been
 
 per stirpes,
 
 namely, one third to A’s three children; another third to B’s two children, and the remaining third to C, the surviving brother. Yet, if C had been also dead without issue, then A’s and B’s children being all in equal degree to the intestate, would take in their own rights
 
 per capita,
 
 to wit: each of them one fifth part.” The negroes in controversy are to be divided into three parts, and each of the infant grand children£ is entitled to one part, taking
 
 per capita.
 
 Takingy>er
 
 capita,
 
 in their
 
 own right,
 
 they do not account for the advancements made to their respective parents. There must be a reference to the master to take an account of
 
 *44
 
 the estate of Joseph Halsey, in the hands of his administrator, and also to divide the slaves named in the bill between the three grand children of Joseph Halsey, and the case is retained for further directions.
 

 PeR CueiaM. Decree accordingly.