MARY NELSON and others *v.* ALEXANDER BLUE, Ex., &c.

The expression "lawful heirs," in a will, applied to describe those who are to take a bequest of personalty, means such as take that sort of property in cases of intestacy.

Personalty given by a testator who died in 1854, "to be equally divided among all my lawful heirs," in a case where there were no lineal descendants, and the next of kin are nephews and neices, together with the children of a deceased nephew; is to be confined to the nephews and neices.

[NOTE.—Since then *aliter*, by Act of 1862–3 ch. 49; and Act of April 6 1869, "Estates of deceased persons."]

*(Johnson* v. *Chesson,* 6 Jon. Eq. 146, and *Skinner* v. *Wynne,* 2 Jon. Eq. 41.)

(Final decree of distribution postponed, owing to the state of the record, and the lapse of time since the bill was filed.)

BILL, filed in 1857 and transmitted to this Court at Fall Term 1867 of the Court of Equity for ROBESON.

The suit was for an account and settlement of the estate of Barbara Cade, who died in 1854, leaving a will.

No statement of facts here, is necessary.

*McKay* and *Fowle & Badger*, for the plaintiffs.

No caunsel *contra.*

RODMAN, J.   By the will of Barbara Cade, proved in 1854, she gives to Mary, Evelina and Nancy Wilkerson, six hundred dollars, to be equally divided between the three   About this legacy there does not appear to be any controversy.  She then gives "the balance of my estate to be divided among all my lawful heirs."   The estate consisted altogether of personalty. In a will of personalty, "my lawful heirs" means those who at the death of the testatrix are entitled to distribution under the Statute.   Who are these, in the present case ?   The testatrix left no lineal kin and no brother or sister; she left numerous children of brothers and sisters, who are the plaintiffs; and some children of the children of a brother who died, as did his children, before the testatrix.  The main question made by the pleadings, is whether these last, that is the grand neices and nephews, taking anything under the legacy. We are of the opinion that they do not; the Statute, Rev. Code ch. 64, sec. 1, sub-division 5, says, "If there be neither widow nor children nor any legal representative of children, the estate shall be distributed equally to any of the next of kin of the intestate who are in equal degree, and to those who legally represent them," and sec. 2, says:  "Provided further, that in the distribution of the estate, there shall be admitted among collateral kindred, no representative after brother's and sister's children.   *Johnson* v. *Chesson,* 6 Jon. Eq. 146.

It follows also that as the persons who take are all in equal degree, there is no occasion for the application of the doctrine of representation, and they all take equally *per capita.*  *Skinner* v. *Wynne,* 2 Jon. Eq. 41.

This Court however cannot make any decree in this case for several reasons:

1. The answer alleges that Peggy, daughter of Neil Little and wife of Sauls, survived the testatrix, in which case she would be entitled to a share; her representative is no party to the suit; replication was taken to the answer, but there is no testimony on this point.

2. In 1862 the death of the original defendant Jacob Alford was suggested, and a *sci. fa.* was executed on his executor Alexander Blue: an account was taken and confirmed of the assets of the testatrix in the hands of Alford, but none has been taken of those in the hands of Blue.

3. The three Wilkerson girls, to whom the first legacy was given, are not parties.

4. In proceeding to a final decree in a cause which has been pending so long, we might do injustice.

There will be a decree declaring the rights of the parties, and the case is remanded to the Superior Court of Robeson county, to proceed therein according to law.

Neither party will recover costs in this Court.

PER CURIAM.                                            Remanded.