DUNCAN CROMARTIE and wife MARY ANN *et al.* vs. ANDREW S. KEMP, *et al.*

When lands descend to collateral relations under the Act of 1868 (Rev. Code, ch. 38, sec. 1, rule 4) the collateral relations of equal degree take *per stirpes* and not *per capita.*

*Clement* v. *Caudle*, 1 Jones Eq. 82. *Hayes* v. *Johnson*, 5 Jones Eq. 124, cited and approved.

Civil action for partition of land, heard before Russell, Judge, at Fall Term, 1871, of Bladen Suprior Court.

The plaintiffs allege in their complaint that William J. Mc-Kay died intestate in the county of Bladen, leaving as his only heirs the plaintiffs and defendants who are related to him in the following order, to wit: Mary Ann wife of the plaintiff Duncan Cromartie, is a neice of the said Wm. J. McKay and only child of his deceased brother John L. McKay. That the

other plaintiffs, seven in number, are the grand children of Archibald McKay, another deceased brother of the said William. And that the defendants, five in number, are the children of a deceased sister of the said William J. McKay.

The plaintiffs further allege that the said Wm. J. McKay was the owner in fee simple of nearly fifteen thousand acres of land, and ask that said lands be divided into three equal shares that one share thereof be allotted to the plaintiff Mary Ann, wife of Duncan Cromartie ; that another share be allotted to the other plaintiffs, which shall be subdivided into seven equal shares, one-seventh of one-third being for each of said plaintiffs ; and that another share of the said lands be allotted to the defendants, which shall be subdivided into five equal shares, (there being five children of the deceased sister of the said Wm. J. McKay) one-fifth of one-third of each of them.

The defendants in their answer admitted the degrees of relationship as alleged in the complaint, but insisted that said lands should be divided into seven shares, of which one share should be given to the plaintiff Mary Ann Cromartie, one share to the other plaintiffs, and the remaining shares to the defendants.

His Honor upon consideration of the complaint and answer, appointed three Commissioners to divide said lands into three equal parts, and having so divided them, shall allot to the plaintiff Mary Ann Cromartie one share thereof in severalty ; and 'proceed to subdivide the next said one-third part into seven equal parts, and to allot to each of the other plaintiffs an equal share of said one-third part, to be held by each of them in severalty ; and shall subdivide the remaining one-third part into five equal parts, to be allotted to the defendants, to be held by each of them in severalty. From which ruling the defendants appealed.

*Sutton*, for plaintiffs.
*W. McL. McKay*, for defendants.

RODMAN, J. The judgment of the Court below is supported by the decision of this Court in *Clement* v. *Cauble*, 2 Jones Eq. 82, where the precise question here made, was discussed with great learning and ability, both by Judges Battle and Nash who concurred in opinion, and by Judge Pearson who dissented. We are now invited by the counsel for the appellants to review the principles of that decision and to overrule them. We by no means wish it to be understood that if the question were an open one, we should not concur with the Court in that case.

But we think that the law as it was then declared, is not now open to doubt or discussion. That decision was made in 1854. In 1859 the precise question was again brought before the Court in *Haynes* v. *Johnson*, 5 Jones Eq. 124, and the same principles were declared to be settled law by an unanimous Court; and the Court say, that as the Legislature in 1856 had in the Rev. Code, ch. 38, re-enacted the third rule in the canon of descents upon which the contention in *Cauble* v. *Clement* had turned, it must be taken to have given the Legislative sanction to the interpretation put upon it in that case. Since 1854 that interpretation has been a rule of property, and must have been acted on in many cases. Many estates must now be held under it. To change the rule now would cause great wrongs.

A decision of a Court of last resort which from its nature is a rule of property, especially after it had been acquiesced in and acted on for nearly twenty years, cannot be departed from without injustice, and its original merits are not open to inquiry.

There is no error in the judgment below. It is affirmed, and the action is remanded to the Superior Court of Bladen to be proceeded in according to law.

PER CURIAM. Judgment affirmed.