J. J. CRUMP and others *v.* W. C. FAUCETT and others.

A died seized and possessed of real and personal estate, leaving him surviving three grand-children by a son and five by a daughter—the son and daughter having died before A: *Held,* that under rule 3, Bat. Rev. chap. 36, the grand-children represent their ancestors, and take the estate *per stirpes* and not *per capita.*

And as the parties take by representation, it follows that any advancements made to the ancestors must be accounted for.

(*Clement* v. *Cauble,* 2 Jones Eq. 83; *Haynes* v, *Johnson,* 5 Jones Eq. 124; *Cromartie* v. *Kemp,* 66 N. C. Rep. 382, cited and approved.)

CIVIL ACTION, in the nature of a special proceeding for partition, heard before his Honor, *Judge Tourgee,* at Chambers in CHATHAM county, 15th of November, 1873.

The proceedings were instituted in the Court of Probate, from whence it was carried by appeal by defendants to his Honor at Chambers, who affirmed the judgment of the Probate Judge. From this judgment defendants again appealed.

The facts pertinent to the points decided are fully set forth in the opinion of the Court.

*Howze* and *Manning,* for appellants.
*Headen,* contra.

BYNUM, J. William Crump died intestate in 1873, seized and possessed of real and personal estate, leaving him surviving three grand-children by a son Joseph, and five grand-children by a daughter Lucinda, both of whom died before their father. Do these grand-children inherit *per stirpes* or *per capita,* is the question.

This depends on the proper construction of the third rule of Descent, Bat. Rev., ch. 36, rule 3 : " The lineal descendants of any person deceased shall represent their ancestor, and stand in the same place as the person himself would have done had he been living."

In 4 Kent, 379, it is said, the law of Justinian adhered strictly to the doctrine of representation, and gave to the grand-children and other remoter descendants, though all the claimants were standing in equal degrees, the portion only that their parents would have taken if living. This was adhering, in all cases, to the doctrine of representation *per stirpes,* and the States of Rhode Island, New Jersey, North and South Carolina and Louisiana have followed, in this respect, the rule of the civic law. Thus, if A dies, leaving three grand-children, two of them by B, a son who is dead, and one of them by C, a daughter who is dead, these three grand-children, standing all in equal degree of consanguinity to the ancestor, would take only their father's share, and consequently, one grand-child would take half the estate and the other two grand-children the other half.

Although such has been the construction of our third rule of Descent by commentators, and although such is undoubtedly the construction of a similar rule in England, (2 Bl. ch. 14,) the precise question here has not been before this Court until now. The principle, however, has been repeatedly decided by this Court, and must be adhered to as a fixed rule of property until changed by legislative action.

The question was first raised in *Clement* v. *Cauble*, 2 Jones Eq. 82, in a case of collateral descent, where it was held, PEARSON, J., dissenting, that the rule of descent was *per stirpes* and not *per capita*. It was again before the Court in *Haynes* v. *Johnson*, 5 Jones Eq. 124, when the above case was affirmed by a unanimous Court as *res adjudicata.* The latter decision was subsequent to the Revised Code, which retained the third rule as it was when construed in *Clement* v. *Cauble*, and was therefore considered as an affirmance of the construction as sanctioned by the Legislature. Finally, in *Cromartie* v. *Kemp*, 66 N. C. Rep. 382, the previous decisions are again affirmed, and in delivering the opinion of the Court, RODMAN, J., says : " We are now invited by the counsel of the appellants to review the principles of these decisions and overrule them. We by no means wish to be understood, that if the question were open one, we should not concur with the Court in those cases. But we think the law as it was then decided, is not open to doubt or discussion."

These decisions were upon collateral descent under the fourth rule, but they are equally decisions upon lineal descent under rule three, because the rules of collateral descent are " subject to the rules " of lineal descent, and were so considered in the discussion. It would be impossible to adopt the rule insisted upon by the defendants of division *per capita*, without overruling all our decisions and introducing a new law of property.

As the parties inherit by representation, it follows that they must account for advancements.

There is no error.

PER CURIAM. Judgment affirmed.