SALLIE NEVILLE, C. E. NEVILLE, AUGUSTUS NEVILLE, IDA J.
NEVILLE, E. K. NEVILLE, LEON NEVILLE, and F. L.
NEVILLE; also, WILLIAM HOWERTON, BETTIE S.
DRAPER and Husband, B. F. DRAPER, v. S. B.
BRADLEY, JAMES R. BRADLEY and JOHN J.
ROBERTSON and Wife, ELLEN
ROBERTSON.

(Decided February 27, 1900.)

*Deceased Collateral Relatives—Heirs—Right of Representation—Third and Fourth Rules of Descent, The Code, Section 1281.*

The heirs of deceased collateral relatives represent their ancestors, and take what they, if living, would have taken.

SPECIAL PROCEEDING for partition, transferred from the Clerk and heard before *Bowman, J.* at Fall Term, 1899, of EDGECOMBE Superior Court.

The *propositus* was Sarah Narcissa Bradley, who died intestate without lineal descendants in 1894, but leaving her surviving two brothers, S. B. Bradley and James R. Bradley, and one sister, Ellen Robertson, who are defendants.

The Neville, plaintiffs, are her nephews and nieces, children of her deceased sister, Emily Neville, who died in 1891; the other plaintiffs, W. B. Howerton and Bettie S. Draper, are children of her deceased half sister, Henrietta Howerton, who died in 1869. All the parties were of the blood of the first purchaser.

The plaintiffs claimed, that by virtue of the right of representation, they were entitled to the share that their parents would have had if living, which would have been one-fifth to Emily Neville and one-fifth to Henrietta Howerton.

DRAPER *v.* BRADLEY.

The defendants claimed that they were next of kin, and were entitled to one-third each.

His Honor decided in favor of the contention of the plaintiffs, and adjudged one-fifth to the Neville heirs; one-fifth to the Howerton heirs; and one-fifth to each defendant.

Defendants excepted and appealed.

*Messrs. Day & Bell* and *Alexander Stronach,* for appellants.
*Mr. John L. Bridgers,* for appellees.

FURCHES, J. This was a proceeding commenced for partition of land and heard upon facts agreed to by the parties. Upon the argument it was agreed that Sarah Narcissa Bradley was the *propositus,* and that all the parties, plaintiffs and defendants, were of the blood of the first purchaser, and that the said Sarah Narcissa died intestate and without lineal descendants in 1894. It was also agreed (as the agreed case shows) that S. B. Bradley, J. R. Bradley and Ellen Robertson are brothers and sister of Sarah Narcissa Bradley, and that the plaintiffs Sally Neville, E. C. Neville, Augustus Neville, Ida J. Neville, E. K. Neville, Leon Neville, and F. L. Neville are the children of Emily Neville, a sister of Sarah Narcissa, and that she died in June, 1891, and that W. B. Howerton and Bettie S. Draper are the children of Henrietta Howerton, a half sister of Sarah Narcissa, who died the 28th of September, 1869.

That under the rules of our law of descent, Henrietta Howerton, though a half sister of Sarah Narcissa, would have inherited from the *propositus,* Sarah Narcissa, if she had been living at the death of the said Sarah Narcissa. And as she would have inherited, her children will inherit, if nephews and nieces inherit where there are brothers and

sisters living at the death of the *propositus,* or ancestor last seized.

It is contended by the defendants that only the "next" collateral relations inherit, and defendants say that they are in equal degree, and are the *next* or nearest collateral relations of Sarah Narcissa, and that as she died without leaving lineal descendant, that they are entitled to inherit the estate of the said Sarah, to the exclusion of the plaintiffs, who are nephews and nieces, and not of the *next* of kin.

But it will be observed that the fourth rule of descent is made subject to the provisions of the two preceding rules, and the third rule provides "That lineal descendants of a person deceased shall represent their ancestor, *and stand in the same place* as the person himself would have done, had he been living."

Then it would seem that the plaintiffs *stand in the same places* that their mothers would have stood had they been living at the time of the death of *their* sister, Sarah Narcissa, and as their mothers would have inherited if they had been living, their children, the plaintiffs, must inherit.

It was stated on the argument that this was a new case— "of first impression"—but it seems to us that every principle involved in this case has been elaborately and ably discussed in the opinion of the Court by Judge BATTLE, concurred in by Chief Justice NASH; and while there is an elaborate and able dissenting opinion by Judge PEARSON, the dissenting opinion concedes the contention of the plaintiffs in this case. *Clement v. Cauble,* 55 N. C., 82. The same doctrine is held in *Cromartie v. Kemp,* 66 N. C., 382, citing and approving *Clement v. Cauble.* And the same doctrine is again held in *Crump v. Faucett,* 70 N. C., 345, citing with approval *Clement v. Cauble* and *Cromartie v. Kemp.*

We think this doctrine is settled in this State, that the heirs of deceased collateral relatives represent their ancestors and take what they would have taken, if living. The judgment appealed from must be

Affirmed.