ELLIS v. HARRISON.

(Filed March 6, 1906).

*Statute of Distribution—Personalty.*

Where a fund consists solely of personalty and the claimants at the
time of the intestate's death were and are now all in equal
degree—the next of kin of the intestate, the statute of distribu-
tions (Rev., sec. 132,) requires that the fund shall be distributed
per capita.

ACTION by O. L. Mills, Administrator of A. M. Harrison,
against W. Harrison and others, heard by *Judge Jas. L.
Webb,* at the October Term, 1905, of the Superior Court of
FRANKLIN.

This was an action to determine the respective interests of
certain claimants to a fund held by the plaintiff as adminis-
trator of Alexander Harrison, deceased, for distribution
among his next of kin. The facts material to a determina-
tion of the questions involved and which are admitted show
that Alexander Harrison died intestate on August 2, 1903,
having his domicile in the State of North Carolina, leav-
ing personal estate amounting to several thousand dol-
lars. There was dispute between the parties as to whether the
intestate died domiciled in Arkansas or North Carolina, and
it was admitted that the law of Arkansas required the dis-
tribution to be per capita. The demurrer, however, filed by
the children of Mrs. Brown, admits the domicile to have been
in North Carolina, and this will be taken as true *pro hac vice.*
The said Alexander Harrison left him surviving as his next
of kin, Willie and Mary Burt Harrison, two children of a
brother who had died before the intestate, and Alexander
Brown and five other children of a sister who had also
died before the intestate. The two children of the deceased
brother claimed that the distribution of the estate should be
*per stirpes* and the six children of the deceased sister con-

tended that such distribution should be per capita, and this was the single question presented and decided by the court.

The court below gave judgment that the distribution be per capita, and the defendants, William and Mary Burt Harrison, excepted and appealed.

*T. W. Bickett* and *W. H. Yarborough, Jr.,* for the plaintiff.

*W. H. Ruffin* for the defendants.

HOKE, J., after stating the case: It will be noted that the fund consists solely of personalty and that the claimants at the time of the  intestate's death were and are now all in equal degree—the next of kin of said intestate. In such case our statute of distributions (Revisal, section 132), and the uniform construction put upon it by our court require that the fund shall be distributed per capita. *Skinner v. Wynne,* 55 N. C., 41. Representation in this kind of property, when allowed, is only resorted to when it is necessary to bring the claimants to equality of position as next of kin. It is otherwise as to realty. *Clement v. Cauble,* 55 N. C., 82; *Cromartie v. Kemp,* 66 N. C., 382. The decisions cited in support of the distribution *per stirpes* are all cases involving the division of real estate. The case of *Crump v. Faucett,* 70 N. C., 346, is in apparent conflict with our present decision, but an examination of the record discloses that the subject matter of litigation in that case was real estate, and the opinion throughout shows that the learned judge was construing, and only intended to construe, the statute of descents.

There is no error and the judgment below is
Affirmed.