## In re THE ESTATE OF DAMON BULLOCK.

### (Filed 22 February, 1928.)

**Descent and Distribution — Persons Entitled — Illegitimate Children — Canons of Descent.**

> An illegitimate child may not inherit as heir at law from her deceased grandfather, dying intestate, through her legitimate mother who predeceased him, under our canons of descent. C. S., 140; 137, clauses 4 and 5.

APPEAL by petitioner from *Daniels, J.,* at Chambers in Tarboro, 16 November, 1927, from EDGECOMBE.

Special proceeding to determine the proper distribution of certain funds, personal property, paid into the office of the clerk of the Superior Court of Edgecombe County, under authority of C. S., 148, as the residue of the estate of Damon Bullock, deceased.

The petitioner, Lynn Bullock, is the illegitimate son of Corinne Bullock who was the daughter of Damon Bullock, the intestate whose estate, amounting to $1,265.74, is now being settled, and who died 26 March, 1926, leaving neither widow nor child or children him surviving. Corinne Bullock predeceased her father; and Alex Bullock, Albert Bullock and Susan Perry are respectively brothers and sisters of the intestate.

From a judgment distributing the estate among the brothers and sister of the intestate, and excluding the petitioner from any participation therein, the petitioner appeals, assigning error.

*A. A. Bunn and J. H. Bridgers for petitioner.*
*Perry & Kittrell for respondent.*

STACY, C. J. Can an illegitimate child legally represent its deceased mother, under C. S., 140 and C. S., 137, clauses 4 and 5, and thus share in the distribution of its mother's father's estate? We think not. Such was the holding in *Waggoner v. Miller,* 26 N. C., 480 (June Term, 1844), and there has been no sufficient change in the statute law since that time to warrant a reversal of this decision.

True, it is provided by C. S., 140, that every illegitimate child of a mother dying intestate shall be considered among her next of kin, and as such shall be entitled to share in her personal estate; and, further, that illegitimate children, born of the same mother, shall be considered legitimate as among themselves, but this is as far as the statute goes. Had the mother of petitioner survived her father, and thus acquired a vested interest in his estate, there would have been no difficulty. But the mother, having predeceased the intestate, never became the owner of any part of his estate, hence, under the law, as now written, the illegitimate child is not entitled to share in the property in question. See *Wilson v. Wilson,* 189 N. C., 85, 126 S. E., 181; *Wallace v. Wallace,* 181 N. C., 158, 106 S. E., 501; *In re Mericlo,* 63 N. Y., Practice Reports, 62.

The case of *Skinner v. Wynne,* 55 N. C., 41, cited by appellant, is not in point, as the children there in question were legitimate and took from their grandfather "in their own right."

Affirmed.