IN RE ESTATE OF H. W. MIZZELLE: N. B. MARRINER, ADMINISTRATOR.

(Filed 13 April, 1938.)

1. **Executors and Administrators § 21—**

   When there is a dispute as to who is entitled to personalty of the estate under the canons of descent, it is proper for the personal representative to institute suit to obtain the advice of the court.

2. **Descent and Distribution § 3—Where distributees of estate are not of equal degree of kinship, estate should be distributed per stirpes.**

   Where at the time of intestate's death his sole surviving next of kin are first cousins and children of deceased first cousins, the children of deceased first cousins represent their parents, and the representatives of each deceased first cousin take one share equal with the share of each living first cousin. C. S., 137 (5).

APPEAL by N. B. Marriner, administrator of the estate of H. W. Mizzelle, from *Thompson, J.,* at Chambers. From CHOWAN. Affirmed.

*Statement of Facts:* H. W. Mizzelle died leaving the personal estate set out in the record. There is neither widow nor children, nor any legal representative of children. All his uncles and aunts predeceased him. The closest kin of the intestate are first cousins. There are seven living first cousins and the issue of six deceased first cousins. The court below held that each living first cousin should take a one-thirteenth (1-13th) of the personal estate and that the legal representatives of each deceased first cousin should take a one-thirteenth (1-13th).

The judgment of the court below is as follows: "This cause came before the undersigned judge of the Superior Court at Chambers, certified by the clerk of the Superior Court of Chowan County, upon the appeal of the administrator and Ebenezer Hardison, Isolene Gardner, Lula Mae Mizzelle, Walter Hardison, Cynthia Lockhart, Adrian Hardison, Dollie Hardison, Grover Hardison, Mollie Keel, Mattie Lou Anderson and Oscar Anderson, and N. B. Marriner, personally, from which it appears that the administrator comes before the court with funds derived from personal property for distribution among a large number of distributees, and that his account is in due form and has been audited and approved, and that the said estate consists solely of personal property; but that he is confronted by conflicting demands by the said distributees as to the proper order and manner of his distribution, presenting whether the distribution should be *per stirpes* or *per capita.* The court is of the opinion that the administrator is entitled to be advised and directed as to that question, and that his petition is properly before the court. It is admitted that wherever the ancestor of any distributee is noted on the family tree as dead, as shown by Exhibit A

attached to the petition and reviewed therein, it means he or she pre-deceased the intestate. The court, therefore, is of the opinion and so adjudges that the distribution should be *per capita,* as set out in the case of *Ellis v. Harrison,* 140 N. C., 444, and that N. B. Marriner, Mollie Ward, Ebenezer Hardison, Walter Hardison, Grover Hardison, Mollie Keel, Mary Gurkin, and Virginia Bell Cooper should each receive a 1-13th of said personal estate. That Ernestine Mattix and Annie Hoyle shall receive a 1-13th to be equally divided between them. That Willie Holliday, Wilson Holliday, Lizzie Holliday, Ludie Sawyer, and Ebbie Holliday shall receive a 1-13th to be equally divided between them. That Isolene Gardner and Lula Mae Mizzelle shall receive a 1-13th to be equally divided between them. That Cynthia Lockhart, Adrian Hardison, and Dollie Hardison shall receive a 1-13th to be equally divided among them. That Mattie Lou Anderson and Oscar Anderson shall receive a 1-13th to be equally divided between them. It is so ordered and adjudged.

C. E. Thompson,
*Resident Judge of the First Judicial District."*

The administrator excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*H. S. Ward for administrator, appellant.*
*N. B. Marriner in propria persona.*
*Elbert S. Peel and Wheeler Martin for appellees.*

Clarkson, J. There was dispute as to who were entitled to certain funds in the hands of N. B. Marriner, administrator of the estate of H. W. Mizzelle. The administrator urges "the right of this trustee to claim the consideration of the court and have his duty outlined." We think the allegation of the administrator comes within the rule entitling him to advice.

In *Freeman v. Cook,* 41 N. C., 373 (378), *Nash, J.,* said: "The chancellor is the only safe and secure counsellor to trustees." The same principle applies to executors and administrators. *Bank v. Alexander,* 188 N. C., 667.

The question involved: Where all of the uncles and aunts of intestate are dead at time of intestate's death and first cousins are the closest kin of intestate, is the personal estate of intestate to be divided one part to each living first cousin and one part to those that legally represent each dead first cousin? We so hold. The court below was of the opinion and so held, and this we think is correct.

N. C. Code, 1935 (Michie), sec. 137, is as follows: "The surplus of the estate, in case of intestacy, shall be distributed in the following

manner, except as hereinafter provided: (5) If there is neither widow or children, nor any legal representative of the children, the estate shall be distributed equally to every of the kin of the intestate, who are in equal degree, and those who legally represent them."

In *Ellis v. Harrison,* 140 N. C., 444, Alexander Harrison left him surviving as his next of kin Willie and Mary Burt Harrison, two children of a brother who had died before the intestate, and Alexander Brown and five other children of a sister who had also died before the intestate. The two children of the deceased brother claimed that the distribution of the estate should be *per stirpes* and the six children of the deceased sister contended that such distribution should be *per capita,* and this was the single question presented and decided by the Court. The court below gave judgment that the distribution be *per capita,* and the defendants William and Mary Burt Harrison excepted and appealed. At page 445 the Court said: "It will be noted that the fund consists solely of personalty and that the claimants at the time of the intestate's death were and are now all in equal degree—the next of kin of said intestate. In such case our statute of distributions (Revisal, sec. 132, sec. 137 [5], *supra*), and the uniform construction put upon it by our Court require that the fund shall be distributed *per capita.* *Skinner v. Wynne,* 55 N. C., 41. Representation in this kind of property, when allowed, is only resorted to when it is necessary to bring the claimants to equality of position as next of kin. It is otherwise as to realty."

We do not think *Moore v. Rankin,* 172 N. C., 599, is contrary to the position here taken.

For the reasons given, the judgment of the court below is

Affirmed.