IN RE ESTATE OF DABNEY T. POINDEXTER, DECEASED; MARY P WATTS AND WILLIS SMITH, ADMINISTRATORS.
EX PARTE.

(Filed 6 May, 1942.)

**1. Executors and Administrators § 21—**

When there is a dispute as to the relative proportions due each distributee under the canons of descent, it is proper for the administrators to institute a proceeding, with notice to all interested parties, to obtain the advice of the court.

**2. Descent and Distribution § 3—**

Intestate died leaving him surviving two sisters and the descendants of three brothers and two sisters who predeceased him. *Held:* In the division of the personalty, the estate should be divided in seven equal parts, the surviving sisters each taking a part *per capita*, and the descendants of the deceased brothers and sisters taking the share of their ancestor *per stirpes.* C. S., 137 (5).

**3. Constitutional Law § 6c—**

It is the duty of the courts to apply the law as it is written.

APPEAL by certain respondents from *Harris, J.,* in Chambers, at Raleigh, N. C., 4 April, 1942. From WAKE. Affirmed.

Petition by administrators for advice and instruction.

Dabney T. Poindexter, formerly a resident of Wake County, died intestate 19 February, 1941. Petitioners Mary P. Watts and Willis Smith duly qualified as administrators and entered upon the administration of the decedent's estate as such. The administrators have in hand money and personal property of the value of more than $500,000.00. They are now ready and have been authorized by the clerk to distribute $140,000.00 thereof.

The intestate left surviving no widow or children or legal representative of deceased children. Two sisters survive. He also had three brothers and two sisters who predeceased him. Each brother and sister left lineal descendants surviving. Lula Poindexter Brown, a deceased sister, left surviving two children and four grandchildren by one son and two grandchildren by another son. R. N. Poindexter, a deceased brother, left surviving two daughters. John S. Poindexter, a brother, left surviving one son and two daughters. Hugh Poindexter, a deceased half-brother, left one son surviving and Betty P. Gills, a deceased half-sister, left surviving four daughters and one son.

Conflicting claims as to the fractional share due each distributee having arisen, the administrators filed this petition for advice and instruction as to the proper method of distribution. When the cause came

on to be heard in the court below judgment was entered directing that the personal estate to be distributed be divided into seven shares; that one share be allotted to each of the surviving sisters; that one share be allotted to the representatives of Lula Poindexter Brown; and one share to the representatives of each of the other deceased brothers and sisters. The judgment further provided that the children of a deceased child of a brother or sister should receive the share to which his parent would be entitled if living. The ratable portion of each distributee is set out in detail.

Certain of the nephews and nieces and grandnephews and grandnieces excepted and appealed.

*Oscar Leach* and *John H. Anderson, Jr.,* for petitioners, appellees.
*W. C. Harris, Jr.,* for certain defendants, appellees.
*J. C. Little, Jr.,* for children of Lula Poindexter Brown, deceased, appellants.
*J. L. Fountain* for representatives of Betty P. Gills, deceased, appellants.
*Killian Barwick* for grandchildren of Lula Poindexter Brown, deceased, appellants.

BARNHILL, J. Petitioners have adopted the proper procedure for obtaining judicial direction as to the method of distribution of the personal estate of their intestate. *Bank v. Alexander,* 188 N. C., 667, 125 S. E., 385; *In re Estate of Mizzelle,* 213 N. C., 367, 196 S. E., 364.

When the personal estate of an intestate is to be distributed under the provisions of C. S., 137, subsection 5, among living sisters and the representatives of deceased brothers and sisters, is the distribution to be *per capita* or *per stirpes?* This is the question appellants present by their appeal.

The question is answered in part by the claimants. They all concede that as to the two surviving sisters the distribution is to be *per capita.* This is in accord with the decisions of this Court. *Ellis v. Harrison,* 140 N. C., 444; *In re Estate of Mizzelle, supra; Nixon v. Nixon,* 215 N. C., 377, 1 S. E. (2d), 825; *Skinner v. Wynne,* 55 N. C., 41; *Nelson v. Blue,* 63 N. C., 659.

The appellants contend, however, that the nephews and nieces are related in equal degree and that as to the five-sevenths of the estate to be shared by representatives of deceased brothers and sisters of the intestate the distribution should be *per capita* also and not *per stirpes.*

Hence, there is no dispute as to who takes. The controversy is as to the relative proportions due each distributee, other than the two sisters.

This contention cannot be sustained. It apparently is founded upon a misconception of the language of the statute. It is not sufficient that

these claimants are related to each other in equal degree. To take in their own right they must be among the nearest of kin of deceased. As two sisters survive this requirement is not fulfilled.

The pertinent statute (C. S., 137, subsection 5) is properly divisible into two parts: (1) The estate shall be distributed equally to every of the next of kin of the intestate who are in equal degree; and (2) if one who, if living, would be kin in equal degree with survivors, those who represent him shall take his share. *Skinner v. Wynne, supra; Ellis v. Harrison, supra; Nixon v. Nixon, supra.*

The second provision of the statute permitting representatives to take is only resorted to when it is necessary to bring the claimants to equality of position as next of kin. When it must be invoked to ascertain who are the distributees, then the distribution, as to those sharing in the estate by virtue thereof, is *per stirpes.* Each group representing a deceased next of kin is allowed to take the share of their ancestor which the ancestor would have taken if living, because, if living, he would be in equal degree with the surviving next of kin. The statute declares that his share must go to those who legally represent him. It is by virtue of that provision that appellants are entitled to share. *Moore v. Rankin,* 172 N. C., 599.

Blackstone (2 Com., 517) states the rule as follows: "If the next of kin of the intestate be three brothers, A, B and C, his effects are divided into three equal portions and distributed *per capita,* one to each; but if one of these brothers, A, had been dead, leaving three children, and another, B, leaving two, then the distribution must have been *per stirpes,* namely, one-third to A's three children, another third to B's two children and the remaining third to C, the surviving brother, yet if C had been also dead without issue, then A's and B's children, being all in equal degree to the intestate, would take in their own rights *per capita,* to wit, each of them one-fifth part." *Skinner v. Wynne, supra.*

Hence, the distribution is *per capita* among those who are next of kin in equal degree to the intestate and *per stirpes* among those who claim as representatives of deceased persons who, if living, would be next of kin in equal degree with the living.

To ascertain those who take we must first determine who are the surviving next of kin. Here they are the two sisters. Were there other brothers or sisters, who, if living, would share with the survivors? If so, did they leave legal representatives who can represent them and take their respective shares? In the instant case there were three brothers and two sisters, each leaving descendants surviving. This requires a division of the personal estate into seven parts to be distributed as provided in the judgment below.

---

---

Whether the Legislature did or did not intend to discriminate against large families is not our concern. The law is plain. *Lex scripta est.* We apply it as written.

The judgment below is in accord with the uniform decisions of this Court. It is

Affirmed.