E. J. KING, MRS. C. M. GEORGE, WALTER TUCKER, AND MRS. R. A. WALL v. COY SMITH.

(Filed 17 September, 1952.)

Cemeteries § 5—

The right of action for the desecration of the grave of an ancestor vests in the next of kin as of the time the tort is committed, ascertained in accordance with the statutes of distribution, and therefore, great-grandchildren whose parents are dead may maintain the action notwithstanding that at the time the tort was committed there was living a grandchild of the ancestor. G.S. 65-15. The construction of "next of kin" to mean "nearest of kin" applies to the construction of a will and not to a right of action created by law resting upon blood relationship to a deceased person.

APPEAL by defendant from Rudisill, J., June Term, 1952, SURRY. Affirmed.

Civil action to recover damages for the wrongful desecration of the graves of plaintiffs' ancestors, heard on demurrer.

Plaintiffs allege that the bodies of their great-grandfather and great-grandmother, Tommy King and wife, were interred in the Tommy King graveyard near Pilot Mountain; that defendant acquired property adjacent to said graveyard and thereafter, in violation of G.S. 65-15, destroyed said graves and exposed the remains of their said ancestors by leveling off the hill on which the graveyard was located; that he then gathered up the remains and reinterred them at another place so that the remains or the graves in which they were interred cannot be identified. Other amplifying allegations are contained in the complaint. They further allege that they are the next of kin of said Tommy King and wife.

The said decedent left surviving, or there were surviving at the time the alleged tort was committed, a granddaughter, Mrs. M. J. Snyder, and plaintiffs, who are great-grandsons and great-granddaughters. Plaintiffs are not children of Mrs. Snyder but trace their lineage through children of the Kings other than her parents. Mrs. Snyder and plaintiffs instituted an action against defendant on the cause of action set out in

the complaint. Mrs. Snyder died in 1948. Plaintiffs thereupon took a voluntary nonsuit in the original action and instituted this action within twelve months thereafter.

The defendant, after answering, demurred to the complaint for that the plaintiffs are not the real parties in interest and no cause of action exists in their favor for said alleged tort for that "it appears from the complaint and the amendment thereto that at the time of the alleged tort and wrong of the defendant Mrs. M. J. Snyder was the nearest living relative and the next of kin of the deceased Tommy King and wife, Mrs. Tommy King, and that any cause of action arising in 1946 for the alleged desecration of the graves of Tommy King and wife was then in favor of Mrs. M. J. Snyder, who was then living and who died in 1948."

The demurrer was overruled and defendant excepted and appealed.

*John H. Blalock and Woltz & Barber for plaintiff appellees.*
*Folger & Folger for defendant appellant.*

BARNHILL, J. The defendant does not challenge the sufficiency of the complaint for that it does not state facts sufficient to constitute a cause of action for the wrongful desecration of the graves of the Kings. That is, he does not assert that the complaint fails to allege a tort for which resulting damages may be recovered by the real party in interest. *S. v. Wilson,* 94 N.C. 1015; 10 A.J. 514, 15 A.J. 841; Anno. 21 A.L.R. 651; 42 L.R.A. 721n. His demurrer is bottomed upon the theory that at the time the alleged wrongful act was committed plaintiffs were not then next of kin of the Kings and are not now next of kin of Mrs. Snyder; and that therefore they are not now and have never been possessed of any right of action founded on the tort alleged in the complaint.

The complaint alleges facts sufficient to constitute a cause of action for the wrongful desecration of the graves of the Kings and the demurrer, for present purposes, admits the facts alleged. The defendant contends, however, that this cause of action vested in those who were next of kin at the time the wrongful act was committed. His position in this respect is sound. If Mrs. Snyder was at that time the sole next of kin then she and she alone acquired the right to maintain an action founded on the alleged tort. But such is not the case. It is true she was the nearest of kin, but that does not mean that she was the sole next of kin.

If the graves of the ancestors of plaintiffs were desecrated as alleged, then the cause of action created thereby vested in the next of kin of the Kings who were then living, but, in ascertaining who are the next of kin, it must be determined: first, who were the nearest of kin in equal degree; second, were there others who, if living, would be kin in equal degree; and third, did those who, if living, would be kin in equal degree, leave

children or other lineal descendants surviving at the time the right accrued. If it appears that there were others who, if living, would be kin in equal degree and that they left children surviving, then such children are deemed next of kin by representation and are vested with the same right which would have accrued to the parent had he or she been living at the time the right accrued. *In re Estate of Poindexter,* 221 N.C. 246, 20 S.E. 2d 49, 140 A.L.R. 1138; *In re Estate of Mizzelle,* 213 N.C. 367, 196 S.E. 364.

It follows that the plaintiffs are now, and were at the time the alleged wrong was committed, next of kin of the Kings for the purpose of determining who are the real parties in interest entitled to maintain this action.

It is true that when the right sought to be enforced is created by will, we ordinarily construe "next of kin" to mean "nearest of kin." *Williams v. Johnson,* 228 N.C. 732, 47 S.E. 2d 24. But when, as here, the right of action is created by law and rests upon blood relationship to a deceased person, those who may assert the right are those who would take under the statutes of distribution, and they are to be ascertained as of the date the cause of action arose. We need not now discuss the underlying reasons for the distinction. It is sufficient to say that it does exist and that, therefore, former decisions of this Court construing the meaning of "next of kin" in cases arising out of contests over bequests in wills have no application here.

The judgment overruling the demurrer is

Affirmed.