R. D. HOUSE, JR. AND EUGENE M. HOUSE PETITIONERS v. SIDNEY R. WHITE, JR., JAMES L. WHITE, LYDIA BOB WHITE MOORE, LIZZIE JOHNSON WHITE PARTIN, WILLIAM WALTER ROBERTSON, RUTH ROBERTSON SAVAGE TILLER, NAOMI ROBERTSON McKINNEY, SALLIE DELL ROBERTSON WALSTON, AND LUCILLE ROBERTSON ANDERSON RESPONDENTS

No. 776SC96

(Filed 17 January 1978)

**Descent and Distribution §§ 7, 13— per stirpes division of property—effect of advancement**

Property which reverted to testator's estate upon the death of one of his sons without a descendant was properly divided half to the children of another son who had been a life tenant, and the other half per stirpes to testator's re-

maining grandchildren, since, under the rules of descent and distribution in effect at the time of testator's death in 1926, his heirs took per stirpes and not per capita; moreover, children of a daughter who had received her full share of testator's estate by reason of advancements made to her were nevertheless entitled to a per stirpes share of the property, since advancements are to be accounted for only in case of total intestacy.

APPEAL by respondent, Sidney R. White, Jr., from *James, Judge.* Judgments entered 27 September 1976 in Superior Court, HALIFAX County. Heard in the Court of Appeals 17 November 1977.

The appeal arises from a special proceeding to divide funds held by the Clerk of Superior Court of Halifax County. For the purpose of the questions raised on appeal, the facts may be stated as follows. T. L. House died in 1926 and left a will in which he devised his real estate to his sons, Richard D. House and W. Lawrence House, for their lives with remainder after their life estates to their children. He recited in his will that he had advanced to his daughter, Lydia B. Allsbrook, her full share of his real and personal property. In 1952, the life tenants sold timber from the land. The remaindermen's share of the proceeds from the sale was deposited with the clerk in a trust fund. Richard D. House died in 1963 and left two children. W. Lawrence House died in 1970 without ever having had any children. Lydia B. Allsbrook died in 1971 leaving a last will and testament. The trial judge concluded that one-half of the funds should go to the two children of Richard D. House. He concluded that the heirs of T. L. House inherited, *per stirpes*, the other one-half interest.

Respondent, a son of a deceased daughter of T. L. House, appealed.

*Dickens and Dickens, by Wade H. Dickens, Jr.; Allsbrook, Benton, Knott, Allsbrook & Cranford, by Dwight L. Cranford, for petitioner appellees.*

*Dunn & Dunn, by Raymond E. Dunn, for respondent appellant.*

VAUGHN, Judge.

Appellant concedes that the children of one of the life tenants are entitled to one-half of the trust fund. He contends,

however, that all of those who are entitled to take as heirs of T. L. House are of one class, his grandchildren, and that there should be a *per capita* distribution to the members of that class. He relies on G.S. 29-16. We must point out, however, that the current Intestate Succession Act was enacted in 1959. It specifically applies only to "estates of persons dying on or after July 1, 1960." Chapter 879, § 15, 1959 Session Laws. "It is well settled that 'an estate must be distributed among heirs and distributees according to the law as it exists at the time of the death of the ancestor.' 23 Am. Jur. 2d, Descent and Distribution § 21 . . . ." *Vinson v. Chappell*, 275 N.C. 234, 241, 166 S.E. 2d 686, 692 (1969); *Johnson v. Blackwelder*, 267 N.C. 209, 211, 148 S.E. 2d 30, 32 (1966). Under the rules of descent and distribution in effect at the time of the death of T. L. House in 1926, his heirs took *per stirpes* and not *per capita*. C.S. § 1654, Rule 3 (1919 and 1935); *Crump v. Faucett*, 70 N.C. 345 (1874).

Appellant contends that Lydia Allsbrook did not inherit any share of the trust funds. He contends that she had received her full share of the estate of T. L. House by reasons of the advancements made to her. We note, however, that advancements are to be accounted for only in case of total intestacy. "Under the English statute of distributions, as well as under our act on that subject, it has always been held that no advancements were to be accounted for except in cases of total intestacy." *Jerkins v. Mitchell*, 57 N.C. 207, 209-10 (1858). Here the deceased died testate as to all of his property except the property that reverted to his estate upon the death of his son, W. Lawrence House, without a descendant.

The judgment is affirmed.

Affirmed.

Judges BRITT and PARKER concur.