## THE STATE v. JOSEPH BROCKER.

1—In an indictment under Art. 2345, Paschal's Digest, for wilfully and wantonly killing or otherwise injuring certain animals, it is not necessary to designate the name of the owner of the animal.

2—Art. 2345 is designed for the protection of the animal, irrespective of its ownership; whereas Art. 2344, immediately preceding it, though of very similar import, looks to the protection of the owner against injury of his animals by other persons.

3—The case of The State v. Smith, 21 Texas, 748, overruled, in so far as it holds that the words "the property of another" must be supplied by intendment in Art. 2345.

APPEAL from Lavaca.  Tried below before the Hon. Wesley Ogden.

The opinion of the court states the material facts.

*E. B. Turner*, Attorney General, for the State.

*W. Tate*, for the appellee, cited State v. Smith, 21 Texas, 748.

DENISON, J.—This case is an indictment for malicious mischief, framed under Art. 2345, Paschal's Digest.  The charging portion of the indictment is in the following words:

"That Joseph Brocker, late of said county, on the twenty-third day of January, in the year of our Lord one thousand eight hundred and sixty-eight, in the county aforesaid, unlawfully did wilfully and wantonly wound a certain bull, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendant excepted to the sufficiency of the indictment, alleging as cause for exception, "that the name of the owner of the bull charged to have been killed, etc., is not alleged and set forth in the indictment," and moved the court to set aside the indictment.  The court sustained the exception and granted the motion, to which ruling of the court plaintiff excepted and gave notice of appeal.

The sole question in this case is, was it necessary in this indictment to set forth the ownership of the animal which was the subject of the malicious cruelty?  In determining this question it is proper that we should understand fully the terms of the statute in reference thereto.  Art. 2344, Prschal's Digest, is in the following words:  "If any person shall wilfully kill, maim, wound, poison, or disfigure, any horse, mare, gelding, jack, jennet, mule, colt, cattle, sheep, goat, swine, or dog, of another, with intent to injure the owner thereof, he shall be fined not less than three times the amount of the injury done

to the owner by such offense, and not exceeding ten times the amount of such injury."

Art. 2345, P. D., is in the following words: "If any person shall willfully and wantonly kill, maim, wound, poison, or cruelly and unmercifully beat and abuse any dumb animal, such as is enumerated in the preceding article, he shall be fined, not exceeding two hundred and fifty dollars."

It is upon the construction to be given to this last section, that the point in this case depends. The words and language employed in this section are clear, plain, and admit of no doubt as to their meaning and the intention of the legislator: there is in them no ambiguity. And it is clear that the intention of the legislator was to make a distinction between the offense created by this section and that described in the preceding section. The first section is limited by its terms in its operation to animals other than those owned by the perpetrator of the offense, and looks to the protection of the owner; the second section is general in its operation wherever the ownership of the animal may be, whether it be in the perpetrator or not; in this section the ownership constitutes no element in the offense—it is intended solely for the protection of the animal without reference to the owner.

There is another distinction between these two sections in the penalties prescribed: in the first the penalty is estimated by the amount of damage done to the owner; in the second by the injury done to society and the public.

The opinion has been expressed "that in the construction of the second section (Art. 2345, P. D.) the words 'the property of another' must necessarily be supplied by intendment." This would be a violation of the well-settled rule of construction that penal statutes must be construed strictly—nothing taken from or added to them by intendment. Further, such a construction would render the two sections similar in substance and effect, except with regard to the punishments, and the anomaly would be exhibited of two similar penal statutes punishing the same offense by different penalties. This court

can not concur in the correctness of the reasoning and conclusions arrived at in the case of The State v. Smith, 21 Tex., R., p. 748.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.