OLZIE C. RODMAN, CLARK RODMAN AND WIFE, MAVIS L. RODMAN v. ALBERT MISH, CHARLIE CRAIG, J. D. ALLIGOOD, MRS. R. F. VENTERS, AUBREY PIPPIN AND MITCHELL WOOTEN.

(Filed 8 March, 1967.)

1. Cemeteries § 3—

The heirs of a decedent at whose grave a monument has been erected may maintain an action for damages for the removal of the monument, even though they are not owners of the fee, but their pleading should allege their relationship to the decedent so as to disclose that they are heirs entitled to maintain the action, and mere allegation that they were heirs of the decedent is insufficient, and demurrer *ore tenus* to their pleading in the lower court and written demurrer filed in the Supreme Court must be sustained.

2. Pleadings § 21.1—

Where demurrer is properly sustained for want of an essential averment, the action should not be dismissed until the pleader has had an opportunity to amend. G.S. 1-131.

APPEAL by defendants, other than Mitchell Wooten, from *Hubbard, J.,* at October 1966 Term of BEAUFORT Superior Court.

The plaintiffs are the owners of a lot in Riverside subdivision some three miles from the town of Washington, North Carolina. The deed to them in 1957 and again in 1962 has no exceptions, reservations or restrictions.

They allege that the defendants are trespassing upon their property and are in the process of erecting thereon a wire fence with iron fence posts, digging holes in the ground and damaging flowers, shrubbery, etc., planted by the plaintiffs; and that the plaintiffs are the absolute owners of the premises, and the defendants have no interest therein, and ask that the defendants be "enjoined and restrained from further trespass upon said property".

The defendants in their answer say that the title of the plaintiffs is subject to reservations contained in a deed from John D. Doughty and wife to Thomas Payton, dated 13 April, 1885, which

conveys title to the lands now owned by the plaintiffs and which contained the following reservation: "Saving and excepting from this conveyance what is known as the Robason Burial Ground, not exceeding one-third of an acre." They allege that the same reservation is contained in all the deeds affecting the said property from that date (1885) down to and including the deed from W. H. Russ to Olzie C. Rodman dated 24 September, 1912. They further allege that the reservation was omitted for the first time when Mrs. Rodman conveyed the lot to her son (the plaintiff) on 22 January, 1957, and in another deed on 10 February, 1962. They allege that as the descendants of Gabe Robason they are possessed of an easement to the Robason Burial Ground, and that they have the right to build and construct the fence around the one-third acre for the purpose of preserving the same, and also that the plaintiffs were estopped by virtue of the lapse of time and by virtue of the long acquiescence by themselves, and those under whom they claim, to now interfere with or prevent the defendants from using the property as a burying ground. They say there are approximately 30 graves in the plot, and that tombstones and markers had been erected at said graves, and through the years since 1880 that the descendants of Gabe Robason have enclosed the plot with fences, the last of which fences was torn down by the plaintiffs along with certain of the monuments which had been erected by the kinsfolk and the immediate family of those who are buried there, and in a cross-action seek damages therefor. Throughout their pleadings the defendants refer to themselves as descendants of Gabe Robason.

A preliminary injunction was issued restraining the defendants from proceeding with the erection of the fence, and when the matter came on for hearing upon the return date the plaintiffs demurred *ore tenus* to the reply of the defendants which was sustained. In the argument before this Court the plaintiffs sought permission to file a written demurrer, which was granted. It has now been filed upon the grounds that the defendants' pleadings do not state facts sufficient to constitute a cause of action in favor of said defendants against the plaintiffs herein, in that the same does not allege that the defendants are the next of kin of any particular person whose grave is alleged by them to have been desecrated.

The lower court sustained the demurrer *ore tenus* and the defendants excepted and appealed.

*W. B. Carter, Rodman & Rodman for plaintiff appellees.*
*Albion Dunn, M. E. Cavendish for defendant appellants.*

PLESS, J.  Throughout the defendants' pleadings they refer to themselves as the "descendants" of Gabe Robason and also speak of the latter as their ancestor. Nowhere do they state their relationship to Gabe Robason, nor to any other person buried in the "Robason Burial Ground".

In *King v. Smith*, 236 N.C. 170, 72 S.E. 425, Barnhill, J., speaking for the Court, said: "If the graves of the ancestors of plaintiffs were desecrated as alleged, then the cause of action created thereby vested in the next of kin of the Kings who were then living, but, in ascertaining who are the next of kin, it must be determined: First, who were the nearest of kin in equal degree; second, were there others who, if living, would be kin in equal degree; and third, did those who, if living, would be kin in equal degree, leave children or other lineal descendants surviving at the time the right accrued. If it appears that there were others who, if living, would be kin in equal degree and that they left children surviving then such children are deemed next of kin by representation and are vested with the same right which would have accrued to the parent had he or she been living at the time the right accrued."

Also in 14 Am. Jur. 2d, Cemeteries, § 41, it is stated: "But except where the right to maintain the action is based on the theory of title or right to possession of the soil itself, it is generally held that the paramount right of action is in the surviving spouse, and if there is no surviving spouse, in the next of kin in the order of their relationship to the deceased. In this character of case, the term 'next of kin' means those who would take under the statute of descent or distribution, and are to be ascertained as of the date the cause of action arose. However the next of kin may not each maintain a separate action, but are limited to a single action with all the party plaintiffs joining therein, or, in a proper case, a class action may be maintained."

"In a case involving injuries to a family burial ground it was said in *Mitchell v. Thorne* (1892), 134 N.Y. 536, 32 N.E. 10, 30 Am. St. Rep. 699, that it had been decided many times that the heirs of a decedent at whose grave a monument has been erected, or the persons who rightfully erected it, could recover damages from one who wrongfully injured or removed it, or restrain one who threatened without right to injure or remove it, even though title to the ground wherein the grave lay was not in the plaintiff but in another. But an allegation that the 'ancestors and collateral relatives' of the plaintiffs had been buried in the cemetery in question was not the equivalent of an allegation that the plaintiffs were the heirs of such descendants within the meaning of such rule, since no one is an heir to all his ancestors." 130 A.L.R. 259.

Also "Persons having a right to protect private cemeteries or graves therein may erect a fence around the cemetery." *Kenner v. Cousin* (1927), 163 La. 624, 112 So. 508. See also *Lay v. Carter* (1915), 151 N.Y.S. 1081, *infra*, III c, holding that any member of a family whose dead were buried in a family cemetery might enjoin the removal of a fence or an interference with any portion of the cemetery. However, any one or more of the heirs of persons buried in a private cemetery may prevent an interference with the rights held in common. *Mitchell v. Thorne (N.Y.) supra,* followed in *Lay v. Carter* (1915), 151 N.Y.S. 1081. 130 A.L.R. 255 and 259.

The lower court sustained the demurrer *ore tenus* "to that portion of the counterclaim or cross-action contained in the answer of the defendants * * * which seeks damages of the plaintiffs for alleged desecration of the graves on the property described in the complaint for that such portion of the counter-claim does not state facts sufficient to constitute a cause of action in favor of said defendants against plaintiffs herein."

The description of themselves as the "descendants and relatives" of those buried in the "Robason Burial Ground" is not sufficient to maintain the cross-action. A definite allegation that they are the next of kin of Gabe Robason or of others buried therein is required. Their alleged relationship to the deceased persons is peculiarly within the knowledge of the defendants, and plaintiffs are entitled to definite information which should be contained in the answer or cross-action.

In view of the authorities above cited we are of the opinion, and so hold, that the court was correct in this ruling, in which the demurrer *ore tenus* was sustained, but not that the cross-action should have been dismissed. The defendants may be able to make allegations in an amended answer which would meet the foregoing objections and the defendants should have been authorized to further plead pursuant to the authority of G.S. 1-131.

Likewise, and based upon the authorities already cited, we hold that the written demurrer filed in this Court for that the defendants' pleadings do not allege that the defendants are the next of kin of any particular person whose grave is alleged by them to have been desecrated is good, and it is hereby sustained.

Usually the reservation and exception of a part of the lands being conveyed would leave the title in the reserved section in the grantor. Thus, except that a burial ground is involved, the title to the disputed property would now be in the heirs of Doughty who first reserved it. But the ruling in *Mitchell v. Thorne, supra,* is applicable here when it says that the heirs of a decedent could recover damages from one who wrongfully injured or removed a monument

thereon "even though title to the ground wherein the grave lay was not in the plaintiff, but in another."

Questions other than those herein considered may arise in the future development of the case, but they do not require determination at this time.

The demurrer *ore tenus* and the written demurrer filed in this Court are hereby sustained, but the order of the lower court in dismissing the cross-action is modified and the cause remanded that the defendants may proceed, if so advised, under G.S. 1-131.

Modified and affirmed.