STATE v. PHIPPS

[338 N.C. 305 (1994)]

STATE OF NORTH CAROLINA v. STACY RICHARD PHIPPS

No. 527PA93

(Filed 3 November 1994)

**Cemeteries and Burial § 23 (NCI4th)— defacing cemetery fence—presence of body of deceased person required**

In order to be a cemetery, a plot must either contain the body of a deceased person or be held for the burial of the body of a deceased person. Therefore, defendant could not properly be convicted of removing a part of the brick fence enclosing a family cemetery in violation of N.C.G.S. § 14-148(a)(2) where the evidence showed that the only body formerly buried in the plot had been removed to another location, and there was no evidence that the plot would be used in the future for the burial of the dead.

**Am Jur 2d, Cemeteries § 44.**

**Private or family cemeteries. 75 ALR2d 591.**

**Liability for desecration of graves and tombstones. 77 ALR4th 108.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 112 N.C. App. 626, 436 S.E.2d 280 (1993), reversing a judgment entered upon the defendant's conviction for defacing a grave site by Read, J., at the 28 August 1992 Criminal Session of Superior Court, Sampson County. Heard in the Supreme Court 14 September 1994.

The defendant was charged in three separate warrants with removing a part of the fence enclosing the George Washington Hudson family cemetery in violation of N.C.G.S. § 14-148(a)(2), defacing the headstone of George Washington Hudson in violation of N.C.G.S. § 14-148(a)(3) and defacing the corner marker located within the Frank Johnson cemetery in violation of N.C.G.S. § 14-148(a)(3). The defendant was convicted of the three charges in the district court.

The defendant appealed to the superior court for a trial *de novo*. The evidence in the trial in superior court tended to show that the body of George Washington Hudson had been buried in the Oak Ridge Cemetery in Turkey, North Carolina, but had been moved to Grand-

view Memorial Cemetery in Clinton, North Carolina. There was no evidence of an intention to bury anyone else in the plot in which the body of Mr. Hudson had been previously buried. The defendant, without the permission of any of the next of kin of Mr. Hudson, removed some of the bricks from a border around the lot in which Mr. Hudson's body had been buried.

The jury found the defendant guilty of removing a part of the fence around the George Washington Hudson family cemetery. He was found not guilty of defacing the headstone of George Washington Hudson and not guilty of defacing the corner marker within the Frank Johnson cemetery.

The defendant appealed to the Court of Appeals which reversed the superior court and ordered the charge dismissed. We granted discretionary review.

*Michael F. Easley, Attorney General, by Valerie L. Bateman, Assistant Attorney General, for the State-appellant.*

*Philip E. Williams and John M. Cooper for defendant-appellee.*

WEBB, Justice.

This case brings to the Court a question as to the interpretation of N.C.G.S. § 14-148(a) which provides:

It is unlawful to willfully:

. . . .

(2) Take away, disturb, vandalize, destroy or change the location of any stone, brick, iron or other material or fence enclosing a cemetery without authorization of law or consent of the surviving spouse or next of kin of the deceased thereby causing damage of less than one thousand dollars ($1,000); . . . .

The resolution of this case depends on the definition of a cemetery as used in the statute. If the bricks which were removed did not enclose a cemetery, the section of the statute does not apply. We hold that the site from which the bricks were removed was not a cemetery.

"Cemetery" is defined in *Black's Law Dictionary* 223 (6th ed. 1990) as "[a] graveyard; burial ground. Place or area set apart for interment of the dead. . . ." As we understand this definition, in order to be a cemetery, a plot must either contain the body of a deceased

person or be held for the burial of the body of a deceased person. We believe this is the common understanding of the word. In this case, the evidence showed there was not a body buried on the lot and there was no evidence that the lot would be used in the future for the burial of the dead. The lot was not a cemetery and N.C.G.S. § 14-148(a)(2) does not apply. The charge against the defendant should have been dismissed.

*State v. Wilson*, 94 N.C. 1015 (1886), upon which the State relies, is not helpful to it. In that case, the defendant was convicted of removing a monument of stone erected for the purpose of designating the spot where a certain dead body was buried. In affirming the conviction we said, "[i]t is not questioned that the Legislature has the authority to protect burial grounds, and monuments to the dead, from desecration and outrage of every kind, by declaring such acts criminal . . . ." *Id.* at 1020. We are not faced with the question of whether the General Assembly may prohibit the removal of a monument erected to honor the dead which is not a part of a cemetery. The General Assembly has not done so in the enactment of N.C.G.S. § 14-148(a)(2).

The State does not contend that the Hudson tract is a part of a larger cemetery.

For the reasons stated in this opinion, we affirm the decision of the Court of Appeals.

AFFIRMED.