ELMORE, Judge.
Defendants appeal from a judgment granting plaintiffs' request for a declaratory judgment. After careful consideration, we reverse and remand for further proceedings.
I. Facts
The matter sub judiceoriginates from a long-standing dispute concerning the King family cemetery located on the Orrs' property. A comprehensive factual background giving rise to this dispute is discussed in a prior opinion by this Court in King v. Orr,209 N .C.App. 750, 709 S.E.2d 602 (2011) (unpublished) (King I).
The facts relevant to this appeal are the following: On 23 July 2012, the Pender County Board of Commissioners (the Commissioners) granted the Orrs' request to disinter and relocate the King family cemetery located on their property pursuant to N.C. Gen.Stat. § 65-106(a)(4). Robert King, Ann King, Margaret Whaley, and A. William King (collectively "plaintiffs") subsequently filed a Petition for Writ of Certiorari to Pender County Superior Court to review the Commissioners' decision. Plaintiffs contemporaneously filed a request for declaratory judgment, in the alternative, seeking a ruling that the Commissioners erred in its decision[1] .
Superior Court Judge Phyllis M. Gorham ("Judge Gorham") entered an order in December 2012 denying plaintiffs' Petition for Writ of Certiorari, ruling that "the action of the Commissioners is not quasi-judicial and therefore not properly subject to review pursuant to the statutory authorities cited by Plaintiffs in their Petition[.]" Plaintiffs appealed Judge Gorham's order to this Court, and we filed an opinion dismissing plaintiffs' appeal as interlocutory, in relevant part, because plaintiffs' declaratory judgment action remained pending. See King v. Orr,--- N.C.App. ----, 761 S.E.2d 755 (2014) (unpublished) (King II).
During the 21 July 2014 civil session of Pender County Superior Court, Judge W. Allen Cobb, Jr. ("Judge Cobb" or "the trial court") considered plaintiffs' request for a declaratory judgment pursuant to N.C. Gen.Stat. § 1-253. Plaintiffs specifically requested that Judge Cobb review the Commissioners' decision and declare:
the [Commissioners'] grant of consent to disinter and relocate the graves was: a) without authority because the cemetery had not been abandoned; b) based on improper interpretation of N.C. Gen.Stat. §§ 65-85 and 65-106 ; c) a legislative action; d) an unreasonable, arbitrary, and irrational exercise of its powers; e) ultra vires;f) violative of previous court decisions in related trial and appellate cases; and, g) an abuse of discretion.
Judge Cobb ruled in plaintiffs' favor, concluding as a matter of law that:
A. When the language of a statute is obscure, unclear, or ambiguous, judicial construction is necessary in order to protect the rights of affected parties.
B. N.C. Gen.Stat. § 1-253 confers on this Court the 'power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.'
C. Whether or not to grant consent to disinter or relocate graves in an abandoned cemetery is left to the sound discretion of the governing body of the municipality or county in which the abandoned cemetery is located.
D. The [Commissioners'] grant of consent was an unreasonable, arbitrary, and irrational exercise of its powers.
E. The grant of consent violated previous court decisions in related trial and appellate cases.
F. The grant of consent was based on an improper interpretation of § 65-106.
G. The [Commissioners] abused its discretion in granting consent to disinter and relocate the graves.
As a result of Judge Cobb's judgment, the Commissioners' decision was declared "void ab initio,and of no force and effect." Pender County, Marianne Orr, and Robert Orr (collectively "defendants") appeal from the judgment.
II. Analysis
a.) Standing
Defendants argue the trial court erred by failing to dismiss plaintiffs' request for a declaratory judgment for lack of standing. Specifically, defendants argue that plaintiffs failed to establish an injury in fact sufficient to challenge the Commissioners' decision. We disagree.
"Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." Beachcomber Properties, L.L.C. v. Station One, Inc.,169 N.C.App. 820, 823, 611 S.E.2d 191, 193 (2005) (internal quotation marks omitted). The party seeking to establish that it has standing to bring an action must prove:
(1) injury in fact-an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
Id.(internal quotation marks omitted). Our Supreme Court has previously held:
Persons having a right to protect private cemeteries or graves therein may erect a fence around the cemetery[,] ... [and] any member of a family whose dead were buried in a family cemetery might enjoin the removal of a fence or an interference with any portion of the cemetery. However, any one or more of the heirs of persons buried in a private cemetery may prevent an interference with the rights held in common.
Rodman v. Mish,269 N.C. 613, 616, 153 S.E.2d 136, 138 (1967) (citations and internal quotation marks omitted). "A primary goal of adjudicatory proceedings is the uniform application of law. In furtherance of this objective, courts generally consider themselves bound by prior precedent, i.e.,the doctrine of stare decisis." Bacon v. Lee,353 N.C. 696, 712, 549 S.E.2d 840, 851-52 (2001).
We limit our analysis to the first prong of the standing test (injury in fact) because defendants contend that plaintiffs are unable to establish an injury in fact as a result of the Commissioners' decision because plaintiffs "have no legally protected interest at stake in Pender County's granting of consent to the relocation of the cemetery."
In King I,this Court ruled on a trial court's grant of summary judgment in favor of plaintiffs on their actions for injunctive relief and declaratory judgment. King I,209 N.C.App. at 750, 709 S.E.2d at 602. In relevant part, this Court relied on Rodmanin ruling that, as members of the King family, plaintiffs have certain legal rights in and to the cemetery. Id.As such, we held that plaintiffs, "as members of a family whose dead were buried in the family cemetery, are entitled to enjoin the removal of the fence or the interference with any portion of the cemetery." Id.(internal citation and quotation marks omitted).
In the case at bar, the Commissioners' decision to grant the Orrs "permission to dis[i]nter, move and reinter the [cemetery] pursuant to N.C.G.S[.] 65-106 " constitutes an interference with plaintiffs' rights to the cemetery. Based on Rodman,the binding language in King I,and the uncontested fact that plaintiffs are members of the King family, we hold that plaintiffs suffered an injury in fact as a result of the Commissioners' decision. Accordingly, plaintiffs in this case, who are the exact same plaintiffs as in King I,had standing to bring the declaratory judgment action at issue.
b.) Abandoned Cemetery
Before we can address defendants' argument that the trial court erred by entering a declaratory judgment which abrogated the Orrs' statutory right to relocate the cemetery, we must first decide whether the trial court made necessary threshold determinations sufficient for this Court to conduct a meaningful appellate review of the judgment.
"The function of an appellate court in reviewing declaratory judgments ... is ... to determine whether the record contains competent evidence to support the findings; and whether the findings support the conclusions." N. Carolina Farm Bureau Mut. Ins. Co. v. Stox,330 N.C. 697, 702-03, 412 S.E.2d 318, 322 (1992) (quotation marks omitted). A declaratory judgment:
declare[s] rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.
N.C. Gen.Stat. § 1-253 (2013). At its core, the Orrs' declaratory judgment action sought a determination that the Commissioners' decision was: "without authority because the cemetery had not been abandoned" and "based on improper interpretation of N.C. Gen.Stat. §§ 65-85 and 65-106 [.]"
N.C. Gen.Stat. § 65-106, in relevant part, states the following:
(a) The State of North Carolina and any of its agencies, public institutions, or political subdivisions, the United States of America or any agency thereof, any church, electric power or lighting company, or any person, firm, or corporation may effect the disinterment, removal, and reinterment of graves as follows:
....
(4) By any person, firm, or corporation who owns land on which an abandonedcemetery is located after first securing the consent of the governing body of the municipality or county in which the abandonedcemetery is located.
N.C. Gen.Stat. § 65-106(a)(4) (2013) (emphasis added). N.C. Gen.Stat. § 65-85 defines the term "[a]bandoned" as "[c]eased from maintenance or use by the person with legal right to the real property with the intent of not again maintaining the real property in the foreseeable future." N.C. Gen.Stat. § 65-85 (2013).
The relevant statutes are clear: as the governing body of the county in which the cemetery is located, the Commissioners had the authority to grant consent to the Orrs to disinter and remove the graves, but only if the cemetery was abandoned. SeeN.C. Gen.Stat. § 65-106(a)(4). Thus, in concluding that the Commissioners' decision was without statutory authority, the trial court was required to make an express determination that the cemetery was not abandoned. However, the trial court merely found that:
11. In this cause the commissioners made no finding that the Plaintiffs had 'legal right to the real property' as established in previous court decisions in related trial and appellate cases.
12. In this cause the commissioners made no finding that the Plaintiffs 'ceased from maintenance or use by the person with the legal right to the real property with the intent of not maintaining the cemetery in the foreseeable future.'
13. In this cause the commissioners made no finding that the cemetery was 'an abandoned cemetery.'
The requisite judicial determination regarding abandonment, which is currently absent from the trial court's judgment, requires findings of fact that cannot be made by this Court on appeal. Accordingly, we reverse and remand the judgment to the trial court for an express determination of whether the cemetery was abandoned in accordance with N.C. Gen.Stat. § 65-106(a)(4) and N.C. Gen.Stat. § 65-85 and to enter new findings of fact and conclusions of law consistent with its determination. On remand, the trial court may receive additional evidence and arguments necessary to comply with this opinion.
III. Conclusion
In sum, we hold that plaintiffs had standing to bring the declaratory judgment action at issue. We reverse and remand this matter to the trial court to make an express determination of whether the cemetery was abandoned and to modify its findings of fact and conclusions of law, if necessary.
REVERSED AND REMANDED.
Judges GEER and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by defendants from judgment entered 29 July 2014 by Judge W. Allen Cobb, Jr. in Pender County Superior Court. Heard in the Court of Appeals 23 April 2015.

As an initial matter, we note that Judge Gorham's order did not preclude plaintiffs from seeking a declaratory judgment action in the alternative. Judge Gorham's order merely denied ruling on the Petition for Writ of Certorari on the basis that the Commissioners' decision was not quasi-judicial. Nothing in Judge Gorham's order barred plaintiffs from seeking a determination of the rights of the parties as a result of the Commissioners' decision by way of a declaratory judgment action, a separate and distinct legal mechanism from a Petition for Writ of Certorari.